JAMES A. MAXWELL, Respondent,

*vs.*

OWEN WESSELLS, et al. Appellants.

#### APPEAL FROM DANE CIRCUIT COURT.

A copy of the bond or undertaking for appeal must be served upon the attorney of the opposite party ; a failure in this respect is good cause for dismissing the appeal.

Motion to dismiss the appeal taken in the case. The case appears in the opinion of the court.

*J. G. Knapp*, for Appellants.

*Abbott & Clark*, for Respondent.

*By the Court*, COLE J. When this case was called up for argument, a motion was pending therein to dismiss the appeal, and although the respondent insisted upon his motion it was understood that it was to be submitted with the case itself. We have, therefore, first to consider the merits of the motion to dismiss.

The ground relied upon to sustain the motion is, that no copy of any bond or undertaking on appeal has been served upon the attorneys for the respondent, as required by § 250 of the code. That section of the code requires, in the most clear and explicit terms, that a copy of the undertaking prescribed by § 244 to be given to render an appeal effectual for any purpose, including the names and residence of the sureties shall be served on the adverse party with the notice of

appeal, unless, &c. It is essential that a copy of the undertaking be served upon the adverse party under this provision. It gives the respondent an opportunity of objecting to the sufficiency of the sureties named in the undertaking when a copy of that instrument is served upon him. And we deem it a highly salutary as well as indispensable step in the proceedings to perfect an appeal, that a copy of the undertaking be served upon the adverse party. And because that copy has not been served in the present case the appeal must be dismissed.

For the purpose of resisting the motion to dismiss the appeal, the counsel for the appellants has filed an affidavit, wherein he states, that he made copies of the undertaking and of the notice of appeal, and gave instructions to Wm. B. Jarvis to serve them as required by law, and that if they have not been served it is owing to the mistake of the said Jarvis, and not to an intentional neglect to comply with the provision of the code referred to. And the counsel in his affidavit requests, that if this court shall be of opinion that he ought to serve a copy of said undertaking upon the attorneys of the respondent, that he have leave of court to make the service. If a copy of the undertaking had been served upon the adverse party, and proper evidence of that fact produced before the motion to dismiss the appeal on that ground had been submitted, we might well have been called upon to determine in passing upon the motion to dismiss, whether the original mistake or omission had not been cured. But this not having been done the appellant has not placed himself in a position to resist the motion, and the appeal must be dismissed.