## NICHOLS & SHEPARD CO. v. HORSTAD et al.

Where plaintiff recovered judgment, and on appeal the judgment was affirmed, and plaintiff brought suit on the appeal bond, the trial court properly required plaintiff to separate its claim into two causes of action,. one covering the claim for costs on appeal and the other the claim for the amount of the judgment appealed from, to enable defendants to more clearly raise the defense of payment of costs on appeal.

In an action on an appeal bond, a prayer for reformation in defendants' answer was properly disregarded where no ground for the reformation was shown, defendants knowing the contents of the bond, and merely misunderstanding its legal effect.

Rev. Codes 1905, § 458, requires an undertaking upon appeal to be accompanied by an affidavit by each surety that he is worth a certain sum therein mentioned, and "which sum so sworn to by such sureties shall in the aggregate be double the amount specified in said undertaking." An appeal was taken by defendants from a judgment for over $4,000, and the bond given was the ordinary form of a bond to secure costs on appeal, and the payment of the judgment appealed from, and limited the payment of costs on appeal to $250, but there was no limitation upon the amount of the super-

sedeas bond.  The sureties justified in the sum of $250.  **Held**, that
plaintiff not having objected to the bond for insufficiency of the
justification, nor issued execution pending the appeal, the appellants
on that appeal cannot after receiving the benefit of all the conditions
of the bond defend a suit on the bond by claiming that it is not upon
its face a good and sufficient statutory undertaking.

Appellant served upon appellee an appeal bond which upon its
face was a good stay, as well as appeal bond, and there was nothing
to show any contrary understanding on the part of the bondsmen at
that time.  **Held**, that it went into full effect as against the signers of
the bond, on service of the bond, as a good and sufficient appeal and
stay bond, and such effect could not be changed by any later state-
ment concerning the understanding of the makers of the bond,
although made before the bond was filed, as Rev. Codes 1905, § 457,
requiring the filing of appeal bonds, is for the benefit of the appellee,
and is simply to insure the preservation of the bonds, and is not
necessary to their validity.

Rev. Codes 1905, § 441, provides for the service of an appeal
bond, and that on such service, and service of the notice of appeal,
the appeal shall be deemed taken.  Section 457 requires the filing of
appeal bonds.  **Held**, that filing is not essential to the validity of an
appeal bond, nor is it essential in order to perfect the appeal.

(Opinion filed March 22, 1911.)

Appeal from Circuit Court, Codington County.  Hon. GEO.
H. MARQUIS, Judge.

Action by the Nichols & Shepard Company against Johannes
Horstad and others.  Judgment for defendants, and plaintiff ap-
peals.  Reversed and remanded.

*Seward & McFarland,* for appellant.  *Hanten & Hanten* and
*C. G. Sherwood,* for respondents.

WHITING, J.  This action was brought in the circuit court
to recover the amount claimed by plaintiff to be due from the
defendants upon a certain appeal bond given in an action in which
this plaintiff was plaintiff and the defendants Horstad and Smith
were the defendants, and in which action the said defendants ap-
pealed to this court, giving upon such appeal a bond with the
defendants Addison and Sheldon as sureties thereon.  The said
judgment having been affirmed upon appeal, this action was
brought upon such bond.  The plaintiff claims to recover upon
such bond, not only the judgment for costs upon such appeal to
this court, but also the judgment rendered in the circuit court in

such former action; it being the claim of plaintiffs that the bond sued upon is both a cost bond upon appeal and a supersedeas or stay bond. The defendants, before answering, asked the court to require plaintiff to separate its alleged claim into two separate causes of action; the one covering the claim for costs upon appeal, and the other the claim for amount of the judgment appealed from. The court required this separation of causes of action, and the plaintiff, excepting thereto, complied with the order and so amended the complaint as to set up two separate causes of action. The defendants, answering the complaint, alleged the bond to be a mere cost bond, and, by way of counterclaim, set up facts purporting to show that the bond as given by them, regardless of its wording, was given and received by plaintiff as a cost bond only, and not as a supersedeas or stay bond. The defendants also pleaded certain other matters by way of counterclaim, but we find it unnecessary to consider them because, if the court was right in its rulings and instructions concerning the first counterclaim interposed, the verdict and judgment were proper, regardless of any questions arising on any other counterclaim. We think that the trial court committed no error in requiring the plaintiff to separate the causes of action. It separated that part of the bond securing costs upon appeal from that part purporting to secure the payment of the circuit court judgment, thus enabling the defendants to more clearly raise the defense of payment of the costs upon appeal. A prayer for reformation of the bond was a part of defendant's answer. This prayer was disregarded upon the trial and for good reason, as no grounds whatever for reformation were shown; there being nothing to show but that defendants knew the contents of the instrument signed, and were merely claiming that they understood that it was in legal effect but a cost bond.

The judgment from which the former appeal was taken was a judgment for something over $4,000, and the bond upon appeal was in every respect in the ordinary form of a bond given to secure the costs on appeal and to secure the payment of the judgment appealed from. The first part of the bond, being the

part providing for the payment of costs of appeal, was limited in amount to $250, but there was no limitation whatever upon the amount of the supersedeas bond. In the justification attached to such bond the sureties justified in the sum of $250. There is nothing else in the wording of the bond or justification attached thereto to indicate any intent upon the part of the defendants to limit their liability merely to the $250. The defendants alleged the payment in full of the judgment for costs upon appeal as well as the judgment for costs in the circuit court, and upon the trial this allegation was fully sustained, so that, under the instructions of the court, if the jury found that the bond in question should be held to secure only the costs upon appeal, their verdict was necessarily in favor of defendants, while, if they found against the defendants on this proposition but in favor of them on all the other counterclaims, a judgment for a considerable amount would necessarily have been rendered in favor of plaintiff. The verdict as rendered was for the defendants, and thus supported the claim that the bond in question should, under the facts proven, be held to be but a bond for costs upon appeal.

Respondents, defendants below, contend that the bond in question was upon its face but a cost bond, and therefore the verdict was right, regardless of whether they established their counterclaim to the effect that, regardless of its wording, the bond was given and received as only a cost bond. They say "that the intention of the Legislature in providing what the character of a supersedeas bond should be, was that unless the bond was made substantially as required including the justification that the execution was not stayed thereby." It will be seen from the above that respondents construe that part of section 458, Rev. Code Civ. Proc. 1905, reading as follows: "An undertaking upon appeal shall be of no effect unless it is accompanied by the affidavit of the sureties, in which each surety shall state that he is worth a certain sum mentioned in such affidavit * * * and which sum so sworn to by such sureties shall, in the aggregate, be double the amount specified in said undertaking"—as rendering the undertaking a nullity as a statutory undertaking where there is not

such an affidavit of justification attached thereto. In other words, the respondents contend that the bond in question is to be construed at one and the same time as a good statutory bond for the purposes of appeal only, and a common-law bond for purposes of staying execution. To reach this conclusion, they would have the justification refer only to that part of the undertaking providing for payment of costs upon appeal. There is absolutely no reference in the justification to any particular part of the bond to which it is intended to relate, and the only basis for respondents' contention is the fact that the amount named in the justification happens to coincide with the amount of the appeal bond, and not with the amount of the judgment appealed from. We are inclined to the opinion that the instrument before us must be treated either as a statutory bond for all purposes or for none. In the case of Tolerton & Stetson Co. v. Casperson, 7 S. D. 206, 63 N. W. 908, this court said that an undertaking without a justification fully complying with section 458, supra, "is clearly insufficient, and must be disregarded." That was a case in which the respondents upon appeal were relying upon that section and asking for the dismissal of the appeal, and it is certainly clear that as against a respondent such an undertaking is insufficient because he has a right to have the sureties justify; it being the means provided through which he can satisfy himself as to the value of the security offered him. There is nothing, however, preventing a respondent from waiving this provision and accepting an undertaking without any justification whatsoever, and such an undertaking is in every sense a statutory undertaking, if the conditions in the body of the undertaking conform to the statute. Our statute, so far as the clause above quoted is concerned, is the same as part of section 355 of the practice act of California (St. 1851, c. 5) as amended in 1854 (St. 1854, c. 54). The Supreme Court of California, in 1869, construing said clause of section 355 in the case of Murdock v. Brooks, 38 Cal. 596, said: "It seems to be settled that the failure of the sureties to justify, if such was the case, constitutes no defense. This rule is deduced from the proposition, which no one disputes, that a

party may waive a compliance with statutory conditions which are merely directory and intended solely for his benefit. The provisions of the statute which require the residence and occupation of the sureties to be stated, the penalty of the undertaking to be double the amount of the judgment, and the affidavit of the sureties that they are worth the amount specified in the undertaking over and above all their just debts and liabilities, exclusive of property exempt from execution, are directory, and a compliance therewith may be waived by the respondent, either expressly or impliedly, by failing to take any advantage of their non-observance, and treating and accepting the undertaking as sufficient. In Dore v. Covey, 13 Cal. 502, the residence and occupation of the sureties had been omitted, yet the undertaking was declared sufficient in an action upon it against the sureties." See extended notes following case of Babcock v. Carter, 67 Am. St. Rep. 197, citing the above and other cases.

We have no hesitancy in saying that while the respondent in the former appeal (appellant now) might have objected to the bond owing to the insufficiency of the justification, or might have disregarded the same, yet, when it did not object to it and did not issue execution pending the appeal, the appellants upon that appeal cannot now, after receiving the benefit of all the conditions of said bond, defend a suit upon said bond, claiming the bond not to be upon its face a good and sufficient statutory undertaking. The trial court held the bond to be upon its face a good statutory appeal and stay bond.

This leaves only the questions as to whether the court correctly ruled as to what was necessary to be proven in order for the respondents to be relieved from the conditions of their obligation, and whether the evidence supported the verdict of the jury under such rulings and the instructions. It is the contention of the appellant that inasmuch as the bond upon its face, outside of the justification, is in every respect both a cost bond and a stay bond, no evidence was competent to show that it was intended to be other than it purported to be; or, if any question could be raised thereon, in order to show such bond in its effect to be but

a cost bond, it must either be proven that it was not only intended by respondents (appellants on former appeal) as a .cost bond, but that, in accepting the same, the appellant (respondent on . former appeal) agreed to and did receive the same as a cost bond only.   It is the contention of respondents that it was sufficient for them to prove that the bond was executed by them and delivered by them believing it to be a cost bond only, and that prior to its filing with the clerk of the court and its going into effect by such filing it was known to appellant that such bond was given and intended , as a cost bond only.   It becomes unnecessary for us to review the testimony given and received upon the disputed questions of fact.   It is sufficient for us to state that the evidence was ample, if believed by the jury (and it must be presumed that it was so believed under the verdict herein), to prove the facts necessary to be proven under respondents' contention if such contention is legally sound, but such evidence was not sufficient to show any mutual mistake of the parties nor to show any express agreement or consent upon the part of the appellant to receive the bond and treat it as merely a bond for costs upon appeal.   The issue upon this appeal is thus narrowed down to a question of law purely:  Were respondents correct in their contention that it was only necessary for them to prove that they executed and delivered the bond understanding and intending it to be an appeal bond only, and that plaintiff was advised of this fact after the delivery, but before the filing of the bond, in order that they be relieved from what would otherwise be a binding contract?  Respondents contend that the proof of the above facts showed that their consent to the bond was obtained through mistake of law, under section 1207, Rev. Civ. Code 1905, which provides: "Mistakes of law constitute a mistake within the meaning of this article only when it arises from: (2) A misapprehension of the law by one party, of which the others are aware at the time of contracting, but which they do not rectify."

Upon the trial the respondents introduced evidence to prove that the bond was served upon the attorney for appellant (respondent on the former appeal) some time in the morning of the

date of its service; that later in the forenoon of said day the attorney upon whom the bond was served visited the office of the attorneys for these respondents (appellants on such former appeal); that in the conversation that then followed such visiting attorney was fully advised that the appellants on such former appeal entered into and served such bond believing and intending it to be an appeal bond only; and that such visiting attorney did not advise them that he considered it a stay bond also. When the evidence of this conversation was received, the appellant moved to strike out the same "as incompetent and immaterial relating to a time subsequent to the time when the bond was served on the plaintiff, and is therefore incompetent for any purpose, and immaterial, not binding on this plaintiff. * * *" The court ruled that, inasmuch as the conversation occurred before the filing of the bond, the evidence might stand. It appeared that the bond had not yet been filed, though there was no evidence that counsel for this plaintiff. had been advised thereof; but, as we view the law of this case, the fact of whether the bond had been filed or not becomes immaterial. The above ruling of the court and the instructions given to the jury clearly show that the theory upon which the trial court based its rulings was that the bond did not become effective as a binding contract until it was filed, and that, therefore, anything that might be shown to prove a mistake of law when bond was delivered would be material if it occurred even after delivery, but prior to the filing of the bond. We think that herein the trial court was in error. This bond must be construed as of the time of its service, and inasmuch as at that time it was upon its face a good stay as well as appeal bond, and no information of any contrary understanding upon the part of the bondsmen appeared, it went into full effect, as against the signers of such bond, as a good and sufficient appeal and stay bond, which effect could not later be changed by any statements concerning the understanding of the makers of such bond. Whether a contract has been entered into depends upon the existence of the necessary elements of a contract at the time of the delivery of such contract if it is in writing, and the same is delivered free of

all conditions. The law presumes that the contracting parties consented to the terms of such contract as the same appear upon its face, and, if there is a mistake of law upon the part of one of the contracting parties, without which mistake he would not have entered into the contract, he cannot afterwards avail himself of such mistake unless, at the time such contract went into apparent effect by delivery, the other party to the contract was aware of such mistake of law, and did not rectify it. Without intimating any views as to whether or not the facts testified to on behalf of respondents were sufficient to show such a mistake of law as would destroy the apparent consent of the parties, if such mistake had related to the time of the service of the bond, we would call attention to the fact that there was no evidence in this case to show this appellant's knowledge of any mistake upon the part of the respondents at the time such bond was served. A mistake of law sufficient to render invalid a bond might occur any time before filing of bond if filing was necessary to the validity of the bond as against the makers thereof. The provisions of our statute require the filing of undertakings upon appeal (section 457, Rev. Code Civ. Proc.) are for the benefit of the respondents in appeal cases; such provisions being to insure the preservation of the undertaking. If an undertaking were served and never filed, the fact that same was not filed could not be pleaded as a defense to a suit upon the bond after judgment appealed from had been affirmed upon appeal, though it might be different if respondent, taking advantage of such want of filing, had moved to dismiss appeal, and after dismissal, had attempted to sue upon the bond. 4 Ency. L. & P. 899; Irwin v. Crook, 17 Colo. 16, 28 Pac. 549; Adams v. Thompson, 18 Neb. 541, 26 N. W. 316. We have no statute requiring a bond upon appeal to be filed in order to render the bond valid. Neither does our statute require a bond upon appeal to be filed in order to perfect appeal; the only requirement being that bond be served. Section 441, Rev. Code Civ. Proc.; Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685; Mather v. Darst, 11 S. D. 480, 78 N. W. 954. Certainly if an appeal bond is never filed and respondent sees fit to take no advantage of

that fact, the bond is valid as against its makers upon the same rule that prevents the bondsmen pleading want of justification as a defense. See note to Babcock v. Carter, 67 Am. St. Rep. 197, supra. It is therefore clear that the bond in question immediately upon service thereof went into full force and effect, according to its terms, as against the makers thereof, and the trial court was in error in allowing proof of the subsequent conversation relating to the interpretation given such bond by its makers. It follows that the appellant was entitled to a judgment for the full amount of such bond less any offsets proven under the other counterclaims pleaded.

The appellant has urged numerous alleged errors based upon the other counterclaims, but we do not consider them of sufficient importance to require consideration at this time. Such errors, if any there were, may not arise upon a new trial.

The judgment of the trial court and order denying a new trial are reversed.

Justices CORSON and McCOY, dissenting.