## ALDRICH v. PUBLIC OPINION PUB. CO. et al.

Under Justice's Code, § 99, which provides that the appeal is taken by serving a copy of the notice of appeal on the adverse party or his attorney and by filing the notice of appeal with the justice, and section 103, which provides that an appeal from a justice court is not effectual unless an undertaking be filed, the circuit court acquires no appellate jurisdiction whatever, unless the appeal undertaking is given.

Under Code Civ. Proc. § 461, as amended which provided that when a party in good faith gave notice of appeal, but omitted, through mistake or accident, to do any other act necessary to perfect the appeal, the trial court, or the Supreme Court, might permit an amendment or the proper act to be done, the Supreme Court, on a showing of excusable mistake or accident in serving an appeal undertaking, where there had been no undertaking of any kind served, has power, separate and distinct from any jurisdiction of the appeal, to grant relief by allowing the service of an original undertaking, if there had been a proper notice of appeal as required by Rev. Code Civ. Proc. § 445; and the section, as amended by adding the clause, "including the giving of the proper undertaking for costs and damages," does not enlarge its appellate jurisdiction; and on granting relief under section 461 the court has power to prescribe the

time within which, after service of the undertaking, the respondent may except to the sureties thereon.

Under Code Civ. Proc. § 441, which provides that an appeal must be taken by serving a written notice on the adverse party, and that the appeal shall be deemed taken by the service of a notice of appeal and perfected on service of the undertaking for costs, and section 445, which provides that to render an appeal effectual for any purpose an undertaking for costs must be executed by the appellant, the appellant, in order to "execute" an undertaking, must do all those things which are necessary to render such undertaking binding as between the parties, which includes the delivery of the undertaking, or its service, which, under the statute, is the substitute for delivery, as the term "execute" ordinarily includes delivery, and the words "execute" and "execution," in their proper sense, convey the meaning of carrying out some act to its completion; to give respondent his statutory time within which to accept his sureties, the undertaking must be executed at the time of notice of appeal; to give appellate jurisdiction, it must be served with the notice of appeal, and generally there is no appellate jurisdiction where there has not been a full compliance with the requirements of the statute (citing Words and Phrases, vol. 3, p. 2558).

A waiver of an appeal undertaking must be entered into at the time of or prior to the service of notice of appeal.

Under Code Civ. Proc. § 445, which declares that to render an appeal effectual for any purpose an undertaking for costs must be executed by the appellant, the court acquires no appellate jurisdiction on the execution of a defective bond, although its execution and service be timely.

Under Code Civ. Proc. § 445, which declares that to render an appeal effectual for any purpose an undertaking for costs must be executed by the appellant, and section 457, which requires the filing of appeal, a failure to file an undertaking or a failure to have a proper justification attached thereto is a mere irregularity not affecting the jurisdiction of the court.

A party who has not complied with Code Civ. Proc. § 445, which declares that to render an appeal effectual for any purpose an appeal undertaking must be executed by the appellant, has a right to treat his notice of appeal as a nullity and, within the time allowed for appeal, to serve a new notice of appeal, together with a bond complying with the section.

Where a party after trial and judgment gave notice of appeal on December 24th, and served notice upon respondent's attorney December 26th, and procured an appeal undertaking on December 27th, but did not take any steps to serve or file such undertaking before December 31st, at which time the 60-day period for appeal had expired, appellant's prayer for relief under Code Civ. Proc. § 461,

asking this court to allow it to serve its undertaking upon respondent as of the date of serving the notice of appeal, will not be granted.

Where appellant, through failure to file a proper appeal undertaking, has in fact taken no appeal, respondent's order to show cause why the appeal should not be dismissed, will be treated as a motion to strike the cause from the records of the court, and the cause will be stricken from the appeal record.

Corson and Haney, JJ., dissenting.

(Opinion filed June 28, 1911.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by J. M. Aldrich against the Public Opinion Publishing Company, a corporation, and another. Judgment for plaintiff, and defendants serve notice of appeal. Motion by respondent to show cause why the appeal should not be dismissed, and motion by appellants for leave to serve an undertaking. Motion for leave to serve undertaking denied, and appeal stricken from the records of the court.

*Case & Shurtleff,* for appellants. *Taubman & Williamson,* for respondent.

WHITING, J. This case comes before· the court upon an order to show cause issued upon application of the respondent, requiring the appellants to show cause why the appeal herein should not be dismissed, and upon a motion, asking this court to allow appellants to serve upon respondent, as of the date of serving the notice of appeal, appellants' undertaking upon appeal. As the questions presented upon the motion and order to show cause are virtually the same, such motion and order to show cause will be considered together.

From the affidavits presented to us, it appears that appellants, defendants in the trial court, moved such trial court for an order changing the place for trial of this cause. This motion for change of venue was denied by an order dated October 28, 1910, and it is from this order that the appeal herein was taken. The notice of appeal was prepared December 24, 1910, and was served upon attorneys for respondent December 26, 1910. No undertaking upon appeal was served with the notice of appeal. An undertaking was procured December 27, 1910, but was never served

upon the respondent. Counsel for appellants supposed the bond had been served, and first learned that it had not been about February 1, 1911, when he caused a copy thereof to be made and forwarded to respondent's attorneys, which bond was returned for the reason that it was not served in time. Appellants have set forth facts showing their efforts to comply with the statutes relating to the giving and serving undertaking on appeal, and supporting their claim of good faith herein, all of which are presented to induce this court to excuse the delay herein and in answer to the motion of respondent upon the order to show cause. Respondent seeks a dismissal because of appellants' failure to serve an undertaking upon appeal at time of service of notice of appeal.

Before considering whether or not appellants have made such a showing as would entitle them to the relief which they seek, providing this court has the power or authority to grant such relief, we are confronted with certain questions of practice concerning which the decisions of·this court do not seem to us to have been, at all times, consistent, and we think this a proper occasion for the review of these questions to the end that we may reach conclusions which will present harmonious and consistent rules relating to the taking and perfecting of appeals.

Section 441 of the Rev. Code of Civ. Proc. reads: "An appeal must be taken by serving a notice in writing, signed by the appellant or his attorney, on the adverse party, and on the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed taken by the service of the notice of the appeal, and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof, as herinafter prescribed. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same."

Section 445 of said Code reads: "To render an appeal effectual for any purpose, an undertaking must be executed on the

part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars: Provided, that no bond shall in any action or proceeding be required of the state of South Dakota, or any county, incorporated town or city thereof, on any appeal to any court of the state of South Dakota, when the state, or any county, incorporated town or city shall be the party directly interested therein."

Section 461 of said Code reads: "When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, including the giving of a proper undertaking for costs and damages, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the Supreme Court, or any one of the justices thereof, may permit an amendment, or the proper act to be done, including the giving of a new undertaking, on such terms as may be just."

Under a section similar to section 441, supra, the Supreme Court of Oregon held that it acquired jurisdiction through the service and filing of notice of appeal, regardless of whether the undertaking was served as required by the statute. Undoubtedly this decision is correct, because in Oregon there is no section similar to our section 445, supra; but in New York and California where they have sections similar to our section 445, the courts have held, as has this court in the past (Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685) that no jurisdiction is acquired through the service and filing of the notice of appeal, where, under the Code, a bond would be necessary to render the appeal effectual. Kelsey v. Campbell, 38 Barb. (N. Y.) 238; Elliott v. Chapman, 15 Cal. 383.

In the New York case the court said: "An appeal without an undertaking amounts to nothing, and accomplishes nothing. For the section requiring an undertaking declares that without it the appeal shall not be effectual for any purpose. An appeal which is not effectual for any purpose is a nullity. It effects nothing. It makes no change whatever in the proceedings, but leaves them

in the same condition as they were before the notice of appeal was given. This is too plain for argument."

In the California case the court said: "The true construction of section 348 of the practice act is that an appeal shall not be effectual for any purpose, unless an undertaking be filed or a deposit made with the clerk within five days after the filing of the notice; and if this be the construction it is clear that the failure to file the undertaking, or make the deposit, is fatal to the appeal. The consequence attached to the failure is that the appeal shall not be effectual, and this consequence can only be enforced by giving full effect to the provision as to time. If we hold that this provision is merely directory to the parties, nothing is required to give jurisdiction to this court but the filing and service of the notice. We do not see upon what principle such a construction could be maintained. It is true section 337 provides that the appeal shall be taken by filing a notice with the clerk and serving a copy upon the adverse party, or his attorney, but this section must be construed in connection with section 348, by the provisions of which an undertaking or deposit is absolutely necessary to give effect to the appeal. The notice is the first step in the proceeding, which ripens into a perfect appeal upon a compliance, with the terms of the latter section."

[1] This court has repeatedly held in construing our Justice Code that the circuit court acquires no jurisdiction whatsoever, unless the undertaking on appeal is given. Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833; McDonald v. Paris, 9 S. D. 310, 68 N. W. 737; Smith v. Coffin, 9 S. D. 503, 70 N. W. 636; Brown v. Railway Co., 10 S. D. 633, 75 N. W. 198, 66 Am. St. Rep. 730; Brown v. Brown, 12 S. D. 380, 81 N. W. 627. The Justice Code, § 99, provides: "The appeal is taken by serving a copy of the notice of appeal on the adverse party or his attorney, and by filing the notice of appeal with the justice." Such Code (section 103) also, at the date of the above decision, provided: "An appeal from a justice's court is not effectual for any purpose, unless an undertaking be filed. * * *" Thus the decisions construing such sections are in perfect harmony with the decision in Bonnell v.

Van Cise, supra. The Van Cise Case quotes with approval the above quotation from Kelsey v. Campbell, supra. It must be taken then as the settled law of this state—there not being a single decision to the contrary—that the service of notice of appeal to this court, where there is no bond on appeal, becomes an absolute nullity.

After the above decisions of this court, the statutes of this state were amended, so that in the last-quoted statute the words "for any purpose" were left out, and there was added a provision allowing a new undertaking to be filed where an appellant, who had attempted in.good faith to make and file a proper undertaking, had filed an insufficient undertaking. So that now, on appeal from a justice court, the circuit court gets jurisdiction of the appeal upon the making and filing of the bond, even if it is defective. It will be noted, however, that on such an appeal, if no bond is given, no jurisdiction whatever is confererd upon the circuit court, and it would be powerless to relieve the appellant from his default and allow him to file a bond.

[2] Section 461, supra, of the Rev. Code of Civ. Proc., as such section read prior to 1903, did not contain the clauses, "including the giving of a proper undertaking for costs and damages, or to stay proceedings," and, "including the giving of a new undertaking." It is urged that the adding of these clauses broadens such section and confers a jurisdiction upon the appellate court which it did not have before. With this we cannot agree. It will be remembered that we still have in section 445 the words "for any purpose," leaving the limitation upon the effect of the attempted appeal without bond just where it has always been, and leaving the same limitation upon effect of such an attempted appeal as existed upon effect of such an attempted appeal from justice court at time of the decisions above referred to. We are clearly of the opinion that the addition of the above clauses to section 461 in no manner broadened such section, and that, as it read before such addition, relief, by allowing either original or new undertakings, could have been granted under said section by either this or the trial court. Let us see the situation we

would be in, so far as the cause now before us is concerned, if we should hold that section 461, before said clauses were added, did not authorize this or trial court, under such section, to allow an appellant to file a "new" undertaking. There is no clause in section 461 specifically giving such courts power to allow the filing of an "original" undertaking, and therefore in such cases as the present, no matter how good a showing of excusable "mistake or accident" an appellant might present to excuse the failure to serve an undertaking, no power would rest in the courts to grant relief; there having been no undertaking of any kind served with notice of appeal. If any power is given by section 461 to grant relief by allowing the service of an original undertaking, it was clearly given by such section before its amendment, and we are clear that it was so given.

It is urged that, by the amendments to section 461, the Legislature in effect assumed that the Supreme Court had jurisdiction of the appeal upon the service of the notice of appeal only. If it were true that the addition of these clauses shows that the Legislature assumed that this court acquired jurisdiction by the service of notice of appeal, and it should be conceded that this assumption was well founded, then it must be conceded that this has always been the law and all the decisions of this court holding that service of notice of appeal only was insufficient to confer jurisdiction upon this court were error, as the assumption would be that jurisdiction was acquired through some section other than section 461; it seems, however, perfectly clear that the Legislature, in amending said section 461, indulged in no such assumption, because if it had assumed that jurisdiction was acquired by the giving of notice of appeal it would follow as a necessary consequence that, after the giving of such notice, the circuit court would cease to have jurisdiction of the case, and it is inconceivable to suppose that the Legislature would confer upon the circuit court or judge power to relieve parties from default in cases over which they had lost jurisdiction, and jurisdiction had vested in the appellate court, and, by the same section, confer the same power upon the Supreme Court by virtue of its jurisdiction of the cause upon appeal. We are irresistibly drawn to the conclusion that

section 461 in no manner confers any jurisdiction upon appeal; that upon an application under said section the cause comes before the circuit or Supreme Courts, or judges thereof, with the jurisdiction over the cause (save and except the jurisdiction to grant the relief prayed for) exactly as such jurisdiction would at that time stand if section 461 did not exist.

Under the provisions of our statute, the mere giving of notice of appeal confers absolutely no jurisdiction upon this court, as an appellate court, to take any steps or to make any orders of any kind in the cause, unless such cause be one coming under the exceptions provided for in section 445, supra, and the case at bar does not come under such exception.

[3] It will be noticed from the above statement of facts that a bond upon this appeal was procured by appellants on December 27, 1910, being the last day within the 60-day period during which appellants were allowed to appeal. Did this court acquire jurisdiction by virtue of the procuring of such bond, which admittedly was neither filed or served within such 60-day period? This court held, in the case of Mather v. Darst, 11 S. D. 480, 78 N. W. 954, that jurisdiction was acquired as soon as the appellants had procured the necessary bond, as soon as such bond had been properly signed by the makers thereof, regardless of the fact that no such bond had been served upon respondent. To reach this conclusion, the court clearly held that the word "executed," found in section 445, supra, was used in the limited sense of including merely the signing of a bond by the parties thereto. Upon a careful consideration of this question and a review of many authorities construing the meaning of the word "executed," where the same is so used that its meaning is in no manner restricted by the context of the statute in which it is used, we are fully satisfied that the holding of this court in the Mather Case was error, and that, while the appeal becomes effectual upon the "execution" of the undertaking, yet, in order to "execute" an undertaking, all those things must be done which are necessary to render such undertaking a binding contract as between appellant and respondent, which includes the delivery of

the undertaking or the doing of that which, under the statute, is the substitute for the delivery, to-wit, under our statutes, the service of the undertaking upon the respondent. 17 Cyc. p. 875, says: "The words 'execute,' 'executed,' and 'execution,' when used in their proper sense, convey the meaning of carrying out some act or cause of conduct to its completion. Thus when the terms are applied to a written instrument they include the performance of all acts which may be necessary to render it complete as an instrument importing the intended obligation, of every act required to give the instrument validity, or to carry it into effect, or to give it the forms required to render it valid; in a technical sense the words necessarily include the performance of three acts—singing, sealing, and delivery. * * *" It is true that Cyc., as well as all authorities, hold that these words are sometimes used in a sense not including delivery, but those are the exceptions and not the general rule, and usually such exceptions are indicated by something in the context of the instrument wherein the word is used. Stallings v. Newton, 110 Ga. 875, 26 S. E. 277. That the term "execute" ordinarily includes delivery, see the cases cited in volume 3, Words & Phrases, p. 2558. This question was directly before the Supreme Court of Nevada, in the case of State v. Alta Silver Mining Co., 24 Nev, 230, 51 Pac. 982. In that state, instead of serving the undertaking upon appeal, it is only necessary to file the same.

The question arose in the above case as to whether or not an undertaking had been "executed" prior to the date of the notice of appeal; it being contended that if the undertaking was executed prior to the notice of appeal it was ineffectual. It appeared that such undertaking was signed and acknowledged the day previous to the date of the notice of appeal, but the record clearly showed that the undertaking was filed upon the same day as the filing of notice of appeal. The court held that it would be presumed that the undertaking was filed either after or contemporaneously with the filing of the notice of appeal, thus leaving for the court the one question as to whether or not the undertaking was "executed" when signed, or whether it was not completely "executed" until filed, and the

court said: "The undertaking was not executed till it was de-
livered to the clerk for filing." Any other decision must create an
anomalous situation. This court held, in McConnell v. Spickler,
13 S. D. 406, 83 N. W. 435, that the undertaking required by
section 445 must be "executed" at the time of notice of appeal, in
order to give respondent his full 10 days within which to except
to the sureties upon the bond; such 10 days under our statute be-
ing limited from the time of notice of appeal.

[4] Giving the decision in Mather v. Darst its full effect, an
appellant could procure his bond upon appeal, serve his notice of
appeal, keeping his bond in his pocket, and then, after 10 days had
elapsed, if the respondent attempted to get the cause dismissed
because of want of jurisdiction upon appeal, he could prove that
such bond was in existence when notice of appeal was given, and
that this court had jurisdiction, and, moreover, if the sureties
upon such bond were entirely insufficient, though respondent had
not had any opportunity to investigate their qualifications—not
knowing that a bond existed—respondent's time for excepting to
such sureties would have expired. While, under the ruling in
the McConnell Case, if the undertaking was procured upon the
very next day after the service of notice of appeal and was im-
mediately served, the appellate court would have no jurisdiction.
It is true that this court, in Morrisson v. O'Brien, 17 S. D. 372, 97
N. W. 2, held that the undertaking must be served with the notice
of appeal, but the court did not depart from its ruling in the Mather
v. Darst Case; it held that the failure to serve the undertaking
was an irregularity for which the appeal might be dismissed, but
the court clearly assumed that the court, at the time of such a
motion to dismiss, had jurisdiction of the cause. We are satisfied
that to give this court jurisdiction upon appeal for any purpose
whatsoever, the undertaking, if one is necessary, or the notice of
deposit of cash, must be served with the notice of appeal; and, in
case of a waiver of such bond or deposit, it must be entered into
at the time of or prior to the service of notice of appeal.

[5, 6] In the case of Fullerton Lumber Co. v. Tinker, 21, S. D.
647, 115 N. W. 91, this court held, in effect, that, where the notice

of appeal is given and an undertaking executed—which undertaking was served with notice of apeal—this court would acquire jurisdiction notwithstanding such undertaking may have been de-fective in form. This statement, so far as such case was concerned, was obiter, but, lest it might tend to mislead the bar of the state, we wish to announce that the provisions of section 445 must be strictly complied with in order for this court to get jurisdiction of the appeal, and any failure to comply with the terms of said section, so far as the conditions of the bond, the amount thereof, or the number of sureties, other than allowing, as allowed by statute, a surety company bond in lieu of one signed by two individual sureties, will absolutely defeat the acquiring of jurisdiction by this court. On the other hand, a failure to file the undertaking, or a failure to have a proper justification attached thereto, are, as this court has recently held in the case of Nichols & Shepard Co. v. Horstad et al., 27 S. D. ——, 130 N. W. 776, mere irregularities not affecting the jurisdiction of this court, and which may be waived by the respondent.

From what we have stated above, it appears clear that, where an appellant has served his notice of appeal, but failed to comply fully with the provisions of said section 445, this court acquires, through the service of the notice of appeal and through any steps it may have taken toward the "execution" of an undertaking, short of its full execution by service, absolutely no jurisdiction of the cause, and therefore, as an appellate court and by virtue of its jurisdiction as an appellate court, it is impossible for it to grant any relief; but, outside of its powers as an appellate court, and outside of any jurisdiction which it has acquired as such appellate court, it seems clear to us that it may, in a proper case, still grant relief under section 461, supra, which relief is granted, not by virtue of any power or jurisdiction it has acquired upon the appeal, but solely by virtue of the power given to it by said section 461. This power to grant relief under section 461, it will be noted, is given to both the circuit court and the Supreme Court. This section gives to neither of these courts any jurisdiction upon the appeal, but confers upon them the power or jurisdiction to allow a party to do an act necessary to perfect the appeal and

render same effectual; to allow him to do that which he has lost a right to do, but lost through excusable mistake or accident.

To illustrate what we mean by the giving to this court and the circuit court a jurisdiction not of or upon the appeal, but a jurisdiction or power, not as an appellate court, to allow an act necessary to the perfection of the appeal, we would call attention to our statute, which limits the time of taking an appeal to 60 days in the case of an order. We think no one would question the power of the Legislature, if it saw fit, to enact a law giving this court the right, even after expiration of the 60-day period, to relieve a party desiring to appeal from his default in giving notice of appeal. Under such a statute, it is clear that the jurisdiction or power reposed in this court to grant such relief would not come from any appeal, but would be derived solely from the provisions of the statute. This is analogous to our present statute, which confers upon this court the power and duty, under certain conditions and circumstances, to settle a bill of exceptions in a cause still pending in the trial court, and which cause may never be appealed to this court. Certainly this power is vested in this court, not by virtue of any jurisdiction it has over the cause as an appellate court, but entirely independent of any such jurisdiction. For these reasons, we believe that this power to grant relief under section 461 exists entirely separate and distinct from any question of jurisdiction of the appeal; the only prerequisite to the right to petition being that the party petitioning the court shall have served and filed, in the trial court, a proper notice of appeal.

As above noticed, the courts of California hold strictly to the rule that, unless section 1940 of their Code of Civ. Proc. (being like our section 445, supra) is complied with, the attempted appeal is a nullity, yet such court holds that, under section 1054 of their Code, the appellate court, upon good cause shown, may extend the time for doing certain things, among which is the filing of the undertaking, though the filing of it is essential to render the appeal effectual for any purpose; thus that court, fully recognizing the appeal absolutely ineffectual, yet holds it has the power, under the said section, to extend the time during which an appellant may do an act, which act will give to such court jurisdiction

of the appeal. Wadsworth v. Wadsworth, 74 Cal. 104, 15 Pac. 447.

So, also, in the state of New York, where the court holds that the failure to comply with section 1326 of their Code of Civ. Proc. (being similar to our section 445, supra) renders an appeal ineffectual for any purpose, and "amounts to nothing and accomplishes nothing," being an absolute nullity making "no change whatever in the proceedings, but leaves them in the same condition as they were before the notice of appeal was given," yet that court, in the case of Architectural Iron Works v. City of Brooklyn, 85 N. Y. 652, said, when such cause was before it upon motion to strike the same from the calendar because security upon appeal had not been given as provided by statute: "The plaintiff appealed from an order granting a new trial, and as trustee had obtained from the City Court of Brooklyn an order dispensing with security on the appeal because he sued as trustee. The defendant appealed from that order and made this motion. The order of the City Court, if valid, was broad enough to make unnecessary the undertaking required by section 1326 of the Code. Its power, however, did not extend thereto. In its discretion it could limit or dispense with the security required to stay execution (section 1312), but an undertaking for costs was necessary to render the notice of appeal effectual for any purpose. Section 1326. The notice, however, was given reasonably, in good faith, and under circumstances which show that the omission to give the requisite undertaking was due to a reliance upon the order of the City Court, and in some measure, perhaps, to the failure of the respondent to prosecute its appeal therefrom. The neglect should be deemed excusable, and the omission may now be supplied. Code, § 1303." It will be seen from reading the above that that court recognized its power, not as an appellate court, but regardless of any jurisdiction over the appeal, and even though the attempted appeal was an absolute nullity, to grant relief under their section 1303, Code of Civ. Proc., which is almost identical with our section 461. We are therefore satisfied that the power given under section 461 includes the power to allow the service of a cost bond, even where there had been no attempt to comply with sec-

tion 445, but where such failure was properly excusable under the provisions of section 461.

[7] Summarizing what we have stated in the foregoing opinion: It is the holding of this court that, when a party seeks to leave the trial court to come to this court, and for that purpose serves and files a proper notice of appeal—when he knocks at the door of this court—the door of this court, as an appellate court, can only be opened to him when he has fully complied with section 445, supra, at time of service of notice of appeal. That is, when he has served an undertaking, complying with section 445, or when he has deposited money in lieu thereof, and has served his notice of such deposit, or when he has procured a written waiver of undertaking; that, if he has not complied with the provisions of section 445, he has a right to treat his notice of appeal as a nullity, and serve, within the time allowed for appeal, a new notice of appeal, together with a bond complying with section 445; but that, whenever he desires to avail himself of a notice of appeal served when there has not been a compliance with section 445, his one remedy is to move, under section 461, either before this or the trial court, or a judge of one of such courts, and procure from such court or judge the requisite order restoring to him the right which he has lost, which order together with the bond and proof of service thereof, showing a compliance with such order, when presented to this court, together with the notice of appeal, will give to this court jurisdiction of the appeal. In passing we would say that a court granting relief under section 461, as one of the terms thereof, has power to prescribe the time within which, after service of the undertaking, the respondent can except to the sureties thereon; and, without an order fixing such time, it would certainly follow, in view of the holding that, under the statute, the bond should be served with the notice of appeal, that, without an order, respondent would have the 10 days provided by statute, after the service of the undertaking, within which to except to sureties thereon.

[8] Can this court grant the relief prayed for? Notice of appeal was served on December 26, 1910, a bond upon appeal was

procured upon December 27th, but it was not until December 31st that any steps were taken to serve or file such bond, and at that time the 60-day period within which appellants were privileged to appeal had expired, and the privilege or right, if it can be termed such, was at an end. Conceding that appellants could, prior to the expiration of the 60 days limited for appeal, have applied to this or the trial court, or some judge of one of said courts, and, upon presentation to such court or judge of proof of the facts as they then existed, have been entitled to relief under section 461, Rev. Code of Civ. Proc., certainly no such relief could be granted after the time for appeal had expired. It is apparent that appellant has proceeded upon the theory that this court, as an appellate court, acquired jurisdiction over the cause upon the service of the notice of appeal; if this were true, this court would be bound to give due consideration to the provisions of section 150, Rev. Code of Civ. Proc.; but as no jurisdiction upon appeal was acquired before the privilege or right of appeal was lost, and no step was taken seeking relief under section 461 during that period, this court is without any power to grant relief, as neither it nor the trial court can extend the statutory periods for appeal.

[9] The relief prayed for by appellants should be and the same is denied. Should the motion of respondent be granted? Respondent has asked for a dismissal of the appeal. There has been no appeal. This court has absolutely no jurisdiction, so far as an appeal is concerned. The case stands in this court, so far as jurisdiction of the case on appeal is concerned, as though no attempt whatever had been made to take an appeal to this court. In California, in the case of Biagi v. Howes, 63 Cal. 384, wherein this identical question was before that court, it was said: "The practice with respect to such attempted appeals has not been uniform. Sometimes they have been 'dismissed.' But as such dismissals should be without prejudice, the form of the order is not very material. We consider it better practice, however, simply to refuse to hear the party who claims to have appealed, without having appealed in fact. The motion is denied." To follow the above holding must necessarily result in no steps whatever being taken by respondents to clear appeal records of apparent

appeals, thus necessitating respondents having hanging over them a pretended, though ineffective, appeal. We think, in such case, motions to purge the records should be encouraged, and that, even if the motion made by a respondent is to dismiss an appeal having no existence, this court should treat it as a motion to strike the cause from the records of this court. The motion is so treated, and the cause ordered stricken from the appeal record. It appears that respondent has transmitted to this court the clerk's fee upon appeal. Inasmuch as there was no appeal and such payment of fee was not necessary, as it would have been as a condition precedent to a motion to dismiss an appeal, it is ordered that such money be returned to respondent.

CORSON, J. I am unable to concur in the views expressed by the majority of the court that the appeal in this case should be dismissed, and I will briefly state my reasons for such dissent.

It is quite clear from the affidavit of appellants' counsel that the failure to file and serve an undertaking in this case at the time the notice of appeal was served was an inadvertence on the part of the appellants' counsel, in my judgment, and it is the duty of this court, under the power conferred upon it by the statute, to allow the undertaking prepared by the appellant to be served and filed in this case as of date of the service of the notice of appeal, upon such terms as the court may deem just.

The provisions of our Code relating to appeals was evidently taken from a similar statute of the state of Wisconsin, and is practically a copy of such statute, and from a careful examination of the decisions of the Supreme Court of that state I am satisfied that that court has uniformly held that upon the service of notice of appeal the Supreme Court acquires jurisdiction of the case to the extent necessary to grant any relief that may be required, in case of failure to serve and file an undertaking on appeal.

It will be observed that section 441, Code of Civ. Proc., provides: "An appeal must be taken by serving a notice in writing. * * * The appeal shall be deemed taken by the service of the notice of the appeal, and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof, as hereinafter

prescribed." It will be observed the language is: "The appeal shall be deemed taken by the service of the notice of the appeal."

And section 445 provides: "To render an appeal effectual for any purpose, an undertaking must be executed. * * *" Clearly, this indicates that an appeal has been taken, but that it shall not be effectual for any purpose—that is, so far as reviewing the decision of the court appealed from is concerned—until and undertaking shall be executed on the part of the appellant.

And section 461 provides: "When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident to do any other act necessary to perfect the appeal or make it effectual, *including the giving of a proper undertaking for costs and damages,* * * * the court from which the appeal is taken, * * * or the Supreme Court, or any one of the justices thereof, may permit an amendment, or the proper act to be done, *including the giving of a new undertaking,* on such terms as may be just."

The clause, "including the giving of a proper undertaking for costs and damages," and the clause, "including the giving of a new undertaking," were inserted in the section by the revisers of the Code in 1903. Prior to that time, the section was adopted by the Legislature of this state and made a part of the appellate proceedings provided for in section 5235 of the Compiled Laws of 1887.

The case of Maxwell v. Wessells et al., 7 Wis., 103, is directly in point in the case at bar. A motion to dismiss the appeal in that case was made upon the ground that no copy of any bond or undertaking on appeal had been served upon the attorneys for the respondent, as required by section 250 of the Code, and the court in its opinion says: "For the purpose of resisting the motion to dismiss the appeal, the counsel for the appellants has filed an affidavit, wherein he states that he made copies of the undertaking and of the notice of appeal, and gave instructions to Wm. B. Jarvis to serve them as required by law, and that, if they have not been served, it is owing to the mistake of the said Jarvis, and not to an intentional neglect to comply with the provisions of the Code referred to. And the counsel, in his affidavit, requests that,

if this court shall be of opinion that he ought to serve a copy of said undertaking upon the attorneys of the respondent, that he have leave of court to make the service. If a copy of the undertaking had been served upon the adverse party, and proper evidence of that fact produced before the motion to dismiss the appeal on that ground had been submitted, we might well have been called upon to determine, in passing upon the motion to dismiss, whether the original mistake or omission had not been cured. But this not having been done, the appellant has not placed himself in a position to resist the motion, and the appeal must be dismissed."

It will be noticed in the case at bar that the appellants had filed and served upon the respondent's counsel a copy of the undertaking, and had made a motion in this court for leave to file and serve a copy of the undertaking as of the date of the service of the notice of appeal, prior to the motion made to dismiss the appeal.

In the case of Grant v. Connecticut Mutual Life Ins. Co., 28 Wis. 387, the learned Supreme Court of Wisconsin, speaking by Chief Justice Dixon, held, as appears by the headnote, that: "Where an undertaking on appeal is defective (the notice of appeal having been given in good faith), it may be amended, or a new one substituted, by motion in this court or the court below." And in discussing this question that learned judge says: "It has been frequently held by this court since the passage of the act above referred to, when the undertaking given on appeal is defective or not in accordance with law, that the appellant may apply here, and that this court possesses the power of amendment, and may direct or allow a new or sufficient undertaking to be executed. * * * *The notice of appeal, therefore, given in good faith, will confer jurisdiction upon this court, so that all other omissions or mistakes may be supplied by the power of amendment.*"

In White v. Polleys, 20 Wis. 503, 91 Am. Dec. 432, it was held by the Supreme Court of Wisconsin, as appears by the headnote, that: "An appeal will be dismissed because a copy of the

undertaking was not served with the notice of appeal, if the motion is made in time. It is too late to make such a motion after a cause has been reached on the calendar and submitted by the appellant, in the absence of counsel on the other side." It will be noticed in that case that the court regarded the appeal as properly pending in the court, notwithstanding that no copy of the undertaking was served with the notice of appeal, as required by the statute.

In the case of Architectural Iron Works v. City of Brooklyn, 85 N. Y. 652, it was held by the Court of Appeals of New York, as appears by the headnote, that: "Where, however, notice of appeal was served in good faith, without giving an undertaking for costs, in reliance upon an order of the court dispensing therewith, held, that the neglect should be deemed excusable and that the omission might be supplied. Section 1303."

The court in its opinion says: "The notice, however, was given seasonably, in good faith, and under circumstances which show that the omission to give the requisite undertaking was due to a reliance upon the order of the City Court" (which order was held invalid), "and in some measure, perhaps, to the failure of the respondent to prosecute its appeal threfrom. The neglect should be deemed excusable, and the omission may now be supplied. Code, § 1303." And the Court of Appeals made an order granting the motion, unless appellant, within 20 days, filed and served an undertaking in the form required to perfect the appeal under section 1326 of the Code of Civ. Proc., and paid $10 costs, in which case motion denied.

Section 1303 referred to reads as follows: "Where the appellant, seasonably and in good faith, serves the notice of appeal, * * * but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any other act, necessary to perfect the appeal, * * * the court * * * may, in its discretion, permit the omission to be supplied, or an amendment to be made upon such terms as justice requires." Section 1326 cited is not material in this case

It will thus be seen the Court of Appeals assumed that the appeal was properly pending in that court for the purpose of

entertaining the motion for leave to serve and file an undertaking, notwithstanding *no undertaking in any form had been previously served or filed,* in effect overruling the decisions cited in Bonnell v. Van Cise, hereafter referred to.

I do not concur in overruling the decision of this court in the case of Mathers v. Darst, 11 S. D. 480, 78 N. W. 954, as in my judgment the decision of the court was clearly right under the facts disclossed by the record in that case. It appears from the statement in the opinion that an undertaking had been executed and filed, but not served upon the respondent's counsel, and that the motion of respondent to dismiss the appeal was made nearly four months after the submission of the case to this court upon the merits. The motion was denied. It will be observed, therefore, that an undertaking had been executed and filed at the proper time, and that the appellant had failed to serve a copy of the undertaking with his notice of appeal, and that the motion to dismiss was not made until nearly four months after the case had been submitted to this court. It is clear, therefore, that as an undertaking had been in fact executed and filed with the clerk the court had acquired jurisdiction of the appeal.

The decision of this court, therefore, in the case of Mathers v. Darst, supra, is clearly sustained by the Wisconsin Supreme Court, and by the Court of Appeals of New York, under statutory provisions relating to appeals quite similar to our own. In the opinion in the Darst Case, this court inadvertently omitted to state, in addition to the words, "that an undertaking had been executed," the words, "and filed," after the word "executed."

The clauses inserted in section 461 by the revisers of the Code were evidently intended to remove any doubt as to the jurisdiction of the Supreme Court to permit any amendment or act to be done necessary to perfect an appeal, in effect assuming that the Supreme Court had jurisdiction of the appeal by the service of notice of appeal, and the added clauses clearly indicate that in the opinion of the revisers the Supreme Court had jurisdiction of the appeal where notice has been served, to the extent necessary to permit the performance of all acts necessary to perfect the

appeal, and that by the added clauses they intended to remove any doubt as to the power of this court to permit an undertaking to be filed, where one had been entirely omitted. Fullerton Lumber Co. v. Tinker, 21 S. D. 647, 115 N. W. 91.

In view, therefore, of the language of the section of our Code before referred to, as amended in 1903, and the decisions of the Supreme Court of Wisconsin and the Court of Appeals of New York, in my judgment the power of this court to make an order that the appellants' undertaking may be served and filed nunc pro tunc as of date of the service and filing of the notice of appeal, such application having been prior to the motion to dismiss, is clear and ought to be exercised in this case.

It is true that in Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685, this court held that where the notice of appeal was served on the adverse party and on the clerk, and was duly filed, but no undertaking executed or deposit made, or waiver thereof, and the record not transmitted to this court, and failure to file and serve any abstract or brief, the appeal was a nullity. But that was a peculiar case. The appellant had served and filed a notice of appeal, but had failed to file or serve any undertaking, or take any other proceeding in the case. The respondent moved to dismiss the appeal upon the ground that the appeal had not been perfected, no record filed in this court, and no abstract or brief filed or served. The counsel for appellant resisted the motion to dismiss the appeal upon the ground that this court had no jurisdiction to make any order in the premises. In view, therefore, of the facts in that case, this court held that the case was not in this court, and there was no necessity for an order dismissing the appeal. It will be noticed in that case there was a total failure on the part of the appellant to perform any act, except serving the notice of appeal, to bring the case into this court, and make no motion to this court for any relief, but insisted that the case was not in this court. Had the record been filed in this court by the appellant, and a motion made prior to the motion to dismiss the appeal for leave to perfect his appeal, a different question would have been presented. This decision, it will be noticed, was made prior to 1903, when section 5235, Comp. Laws, was amended.

In the majority opinion, attention is called to·a number of decisions of this court dismissing appeals from justice's court to the circuit court, in cases where no undertaking was filed or deposit made, and the court seems to assume that the amendment made by section 103 of the present Revised Justice's Code has made no material change in the law in section 6133 of the Compiled Laws by the amendment, but in my judgment that amendment has materially changed the law as it stod prior to 1903. Prior to that time, no power was vested in the circuit court to relieve an appelant from a failure to fully comply with the provisions of the law relating to the execution and filing of the required undertaking. Since the amendment, however, the circuit court is vested with substantially ·the power conferred upon the Supreme Court by section 461 of the Code of Civil Proceedure, and while the amendment to section 103 of the Justice's Code is not quite as full and comprehensive as the amendment to section 5235, Compiled Laws, by section 461 of the Revised Code of Civil ·Procedure, it was evidently intended to accomplish a similar result, and practically confers upon the circuit court jurisdiction of the appeal from the justice's court, and permits the circuit court to allow any act to be done which may be necessary to perfect the appeal.

It will be observed by an examination that the cases cited in the opinion of the court in which appeals from the justice's court were dismissed, on the ground that no undertaking had been filed as prescribed by the provisions of the Code as they then existed, were all decided prior to the amendment referred to in 1903.

Without attempting to set out in detail the reasons for the failure of the appellants to serve and file the undertaking on appeal at the time of the service and filing of the notice of appeal in the case at bar, they are such, in my judgment, as to require of this court the exercise of its power in ·behalf of the appellants in furtherance of justice. It must suffice to say that the notice of appeal was served on the· 26th day of December, 1910, and that on the 31st day of December, 1910, an undertaking was forwarded for filing, and was filed in the office of the clerk of court in and for Brown county, but a copy was not served on respondent's coun-

sel; that said undertaking was served upon the attorneys for respondent the 1st day of, February, 1911, and that the respondent refused to accept service and returned the same to the appellants; and it clearly appears that the delay in filing and serving said undertaking on appeal was due to inadvertence, or more properly, perhaps, accident.

The notice of appellants' motion for leave to serve a copy of the appeal bond as of the date of the serving of the notice of appeal, and file same as of that date, was given prior to the notice of the respondent's motion for the dismissal of the appeal. The motion of the appellants should, therefore, have been first considered by this court, and the motion upon the showing should have been granted.

The duty of this and all other courts of this state to relieve parties from mistakes, accident, surprise, inadvertence, or excusable neglect is inculcated throughout the provisions of our Code of Civil Proceedure. Section 150 of the practice act, as to the amendment of pleadings, is exceedingly liberal, and enables courts to relieve parties from inadvertence or mistakes in a very large class of cases, and by section 306 time may be extended and a new time fixed after the time limited therefor has expired within which any of the acts specified may be done; and section 461 of itself, in effect, requires this court to exercise the power vested in it liberally, in furtherance of justice, in order that cases appealed may be heard in this court and decided upon their merits, where the court is satisfied that the parties are acting in good faith, and that their failure to comply with the statutes or rules of the court has not been intentional, or omitted with a view of delaying the hearing of their cases.

It appears from the affidavit of the appellants' counsel that they and respondent entered into a stipulation that the cause should be submitted at the present term of this court, and that they had already prepared their abstract and were about preparing their brief at the time this motion to dismiss was made. Considering the fact; therefore, that the appeal was taken in December, 1910, certainly no charge of an intention on the part of the appellants'

counsel of delaying the hearing in this action can be imputed to them. I am clearly of the opinion, therefore, that this court, in furtherance of justice, should relieve the appellants and grant their motion upon such terms as the court may deem just in the premises, which should be sufficient to reimburse the respondent's counsel for their expenses in preparing and making the motion to dismiss the appeal, and in resisting appellants' motion. This court has always been in favor of giving a liberal construction to the powers of this and the lower courts in relieving parties from mistake, inadvertence, surprise, or excusable neglect, where it clearly appears that there has been no intentional omissions to perform the acts required by the statute, and in my judgment it is only in extreme cases, where it is manifest that the acts omitted were for the purpose of delay or annoyance to the opposite party, that this court should refuse to relieve them.

I am, therefore, of the opinion that appellants' motion should be granted, and the motion of the respondent to dismiss the appeal should be denied.

HANEY, J., concures in the dissenting opinion.