HERREID et al., Respondents, v. CHICAGO MILWAUKEE, & ST. PAUL RAILWAY COMPANY, Appellant.

(178 N. W. 875.)

(File No. 4744. Opinion filed July 30, 1920. Rehearing denied November 6, 1920.)

**Appeals—Record—Failing to Serve Undertaking—Conflicting Evidence, No Admission of Service—Cause Stricken From Records—Statute—Burden of Proof On Appellant.**

Where party serving whatever appeal papers were served, swore he had with him original notice of appeal and undertaking "with some copies," and handed them to respondent's attorney, not stating the "copies" included copy of undertaking; that respondent's attorney, at suggestion of appellant's, examined original undertaking and said he "guessed it was all right;" respondent's attorney swearing he asked the other "Aren't you going to serve a bond with this notice?" to which the other replied, "I guess that is not necessary, they did not send a copy * *, the Company takes enough appeals so I guess they know how to do it," to which respondent's attorney rejoined, "It is up to you, you folks are taking this appeal;" held, under Sec. 3163, Rev. Code 1919, that a copy of the undertaking must be served; and, original undertaking not showing admission of service, motion to strike record from files is sustained; burden being on appellant to establish, by satisfactory evidence, either such service or waiver thereof; follow-

ing Aldrich v. Public Opinion Publishing Co., 27 S D. 588, 132 N. W. 278.

Appeal from Circuit Court, Roberts County, Hon. FRANK ANDERSON, Judge.

Action by Albert Herreid and others, against the Chicago, Milwaukee & St. Paul Railway Company, a corporation. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Upon motion to strike the appeal record from the files. Record stricken.

*Ed. L. Grantham, C. O. Newcomb,* and *Howard Babcock,* for Appellant.

*Batterton & Bunde,* for Respondent.

WHITING, J.   Motion to strike this cause from the records of this court because of the alleged failure of appellant to serve an undertaking on appeal.   Respondent denies that he failed to serve an undertaking, and prays that, if the court finds that no undertaking was served, it be allowed to serve one with like force and effect as if served with the notice of appeal.   The attempted appeal is from both a judgment and an order denying a new trial, and the statutory time within which an appeal from either could be taken has expired.

There is a direct dispute as to what took place at the time appellant served the notice of appeal.   The party who served whatever papers were served swore that he had with him the original notice of appeal and undertaking "with some copies" and handed them all to the attorney for respondent.   He does not state that he knows the "copies" included a copy of the undertaking.   Our statute specifically provides (section 3163, Rev. Code 1919) that "a copy [of the undertaking] must be served." This party admitted that the attorney for respondent advised him, at the time of the alleged service, that he could not find any copy of the undertaking and asked to see the original which was then shown him.   He swears that he told such attorney that he supposed a copy was among the papers, "but that if it was satisfactory to [said attorney] he could take the original undertaking and examine it so as to be certain that the undertaking was satisfactory and the sureties sufficient"; that such attorney then examined the original undertaking, and afterwards handed same back, saying he "guessed it was all right;" that he thought the attor-

ney for respondent indorsed admission of service on both the notice and undertaking; that he thereafter filed same without noticing that no admission of service was indorsed on the undertaking; and that, because of the above facts, he was given to understand and did believe that said attorney "considered the service entirely satisfactory without any copy of said undertaking (if such copy was not in fact furnished)." Counsel for responden swears that he asked the party who served the notice, "Aren't you going to serve a bond with this notice?" that to this the response was made, "I guess that is not necessary. They did not send a copy of one along. The company takes enough appeals, so I guess they know how to do it"; that he then replied, "It is up to you; you folks are taking the appeal."

No admission of service was indorsed on the original undertaking. The burden was therefore on appellant to establish, by satisfactory evidence, either that service was actually made, or else waived. This appellant has failed to do.

This brings this case directly under the ruling of this court in Aldrich v. Public Opinion Publishing Co., 27 S. D. 589, 132 N. W. 278.

The cause will be stricken from our records.