## MORRISON V. O'BRIEN.

Failure to comply with Code Civ. Proc. § 457, which provides that the original undertakings on appeal must be filed with the notice of appeal, and a copy showing the residence of the sureties must be served with the notice of appeal, and section 458, which authorizes the respondent within 10 days after the service of the notice to except to the sufficiency of the sureties, requires the service of the copy of the undertaking with the notice of appeal, and renders the appeal subject to dismissal on motion.

(Opinion filed Nov. 11, 1903)

Appeal from circuit court, Codington county. Hon. JULIAN BENNETT, Judge.

Action by Richard H. Morrison against Thomas O'Brien. From a judgment for plaintiff, defendant appeals. On motion to dismiss appeal. Dismissed.

*John B. Hanten,* for appellant.

*W. S. Glass* and *Ivan W. Goodner,* for respondent.

CORSON, J. This case comes before us on motion to dismiss the appeal on the ground that no undertaking on appeal

was filed with the notice of appeal, or a copy thereof served with the notice of appeal by appellant, as required by section 457, Code Civ. Proc. It appears from the abstract that the judgment was entered in favor of the plaintiff on the 21st day of November, 1902; that on the 26th day of December, 1902, the defendant caused to be served on the attorney for the plaintiff and filed in the office of the clerk of the circuit court an undertaking on appeal to the supreme court; that subsequently the defendant served a notice of intention to move for a new trial, which motion was heard and denied on the 9th day of March, 1903; and on April 9th the appellant served and filed a notice of appeal from the judgment and from the order denying a new trial. No undertaking on appeal was served or filed with the notice of appeal, but it is recited in the abstract that the undertaking on appeal "was served on the plaintiff's attorney on the 26th day of December, 1902, and on the clerk of the said court on the 23rd day of March, 1903, and was filed December 26, 1902, in the clerk's office." It will thus be seen that an undertaking on appeal was served on the plaintiff's attorney and filed in the clerk's office December 26, 1902, and that on the 9th day of April, 1903, a notice of appeal from the judgment and order denying a new trial was served and filed, but no undertaking was filed or copy served with the notice of appeal. Section 457, above referred to, reads as follows: "The undertakings required by this chapter may be in one instrument or several, at the option of the appellant; the original must be filed with the notice of appeal, and a copy showing the residence of the sureties must be served with the notice of appeal." And section 458 provides that the respondent may within 10 days after the service of the notice of appeal

except to the sufficiency of the sureties. The service of the copy of the undertaking with the notice of appeal is therefore essential in order that the respondent may know who are the sureties, and have an opportunity to except to them within the 10 days prescribed by the Code. It will be observed that it is provided by section 457 that the undertaking "must" be filed and a copy thereof served with the notice of appeal. These provisions as to the filing of an undertaking and the service of a copy are obligatory upon an appellant, and cannot be omitted without rendering the proceedings irregular and the appeal subject to dismissal upon motion. When the failure to file the undertaking or serve a copy as required has been caused by "mistake or accident," this court is authorized by section 461 to allow a proper undertaking to be filed and served on such terms as to the court may seem just, and this court has in several cases exercised this authority when the motion has been made before or pending the motion to dismiss, and upon a proper showing of the accident or mistake made. But in the case at bar no such motion, application, or showing has been made, and hence, under the rules and practices of this court, the appeal must be dismissed without prejudice, and it is so ordered.