## DONOVAN *et al.* v. WOODCOCK.

1. Code Civ. Proc. 1903, § 458, provides that the respondent may except to the sufficiency of the sureties on appeal within 10 days after notice of appeal, and unless they or other sureties justify within 10 days thereafter, the appeal shall be regarded as if no undertaking had been given. Section 445 declares that to render an appeal effective an undertaking must be executed by appellant with at least two sureties. Held, that when the sureties failed to justify within 10 days after respondent had excepted to the sufficiency of the sureties the appeal was a nullity.

2. The filing of a new undertaking on appeal a year after respondent had excepted to the sufficiency of the sureties on the undertaking filed with the notice of appeal was ineffectual where it was not accompanied by a notice of appeal.

3. Notice of appeal from an order denying a new trial, where no undertaking on appeal was served, was ineffectual.

4. An undertaking on appeal, intended to be filed for the purpose of an appeal from an order denying a new trial, is insufficient where not served or filed as required by the Code.

(Opinion filed April 5, 1904.)

Appeal from circuit court, Lawrence county; Hon. JOSEPH B. MOORE, Judge.

Action by Michael K. Donovan, administrator of Michael Donovan, deceased, and others against George B. Woodcock. From a judgment for defendant, plaintiffs appeal. On motion to dismiss appeal. Dismissed.

*C. E. Davis,* for appellants.

*Frawley & Laffey,* for respondent.

CORSON, P. J. This case is before us on a motion to dismiss the appeal on the ground that the proceedings to effect an appeal were irregular, and that no appeal has in fact been tak-

en.   It is stated in the original abstract that "on the 28th day of September, 1901, an appeal to the Supreme Court of the state of South Dakota was perfected by serving upon the defendant and his attorney and upon the clerk of the courts of Lawrence county a notice of appeal, and giving an undertaking on appeal as required by law."   The respondent filed an additional abstract, from which it appears that on the 24th day of September, 1900, appellants served and filed in the circuit court a notice of appeal from the judgmen⁴ and filed an undertaking on appeal in the usual form.   On the 27th day of the same month the attorneys for the respondent served a notice upon the appellants that they excepted to said sureties.   It further appears from said additional abstract that neither of the sureties on said undertaking justified as was required by said notice.   Subsequently, on the 28th day of September, 1901, the appellants filed in the office of the clerk of the circuit court an undertaking substantially in the form of the undertaking served and filed on September 24, 1900, but with this undertaking there was no notice of appeal served either from the judgment or order denying a new trial.   Subsequently, on the 7th day of December, 1901, the appellants served upon the attorneys for the respondent and the clerk of the courts of Lawrence county a notice of appeal from the order overruling the plaintiff's motion for a new trial in the said action, and from the whole thereof, but with this notice no undertaking was served or filed.   This statement in the respondent's additional abstract seems to be fully sustained by the record.

It will thus be seen that there was an attempted appeal from the judgment in September, 1900, and an undertaking on appeal filed at that time which was excepted to, and, the sure-

ties not having justified within the time prescribed by law, the appeal ceased to be effectual for any purpose. By section 458 of the Code of Civil Procedure of 1903, it is provided that the respondent may except to the sufficiency of the sureties on an undertaking on appeal within 10 days after said notice, and unless such sureties or other sureties justify within 10 days thereafter the appeal shall be regarded as if no undertaking had been given. By section 445, Id., it is provided: "To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties," etc. When, therefore, the sureties failed to justify within the time prescribed by the Code, the appeal ceased to be effectual for any purpose, and thereafter was a nullity. Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685.

In September, 1901, a year later, an undertaking on appeal from the judgment was filed, but that undertaking accomplished no purpose, as it was not accompanied by the notice of appeal from the judgment or from the order denying a new trial. In December, 1901, a notice of appeal from the order denying a new trial was served, but no undertaking on appeal was served therewith, and hence that appeal was ineffectual for any purpose. Morrison v. O'Brien, 17 S. D. 372, 97 N. W. 2.

It is clear, therefore, that the statement made by the appellants in their abstract that an appeal was perfected on the 28th day of September, 1901, is based upon an erroneous theory that the filing of the undertaking on appeal in September, 1901, had rendered effectual their attempted appeal made on the 24th day of September, 1900.

Treating the undertaking filed on September 28, 1901, as an undertaking intended to be filed for the purpose of the ap-

peal from the order denying a new trial, it is clearly insufficient, not having been served or filed as required by the Code, and the case comes clearly within the ruling of this court in Morrison v. O'Brien, supra.

Following the decision in that case, the appeal is dismissed.