## FULLERTON LUMBER CO. v. TINKER.

Under the express provisions of Rev. Code Civ. Proc. § 445, an appeal to the Supreme Court may be maintained without any stay of execution; a bond for costs only being required.

Where an appeal bond provided that defendant and appellant would pay all costs and damages which might be awarded to plaintiff and respondent against him on such appeal, not exceeding $1,000, it was sufficient as a bond for costs.

Rev. Code Civ. Proc. § 461, provides that, when a party in good faith gives notice of appeal and omits, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, including the giving of a proper undertaking for costs and damages, or to stay proceedings, the court from which the appeal is taken, the presiding judge, the Supreme Court, or one of its justices, may permit the giving of a new undertaking.  **Held** that, where an undertaking had been executed and served with the notice of appeal, the Supreme Court acquired jurisdiction, whatever defects existed in such undertaking, and the court was authorized to permit the filing of a new one to cure such defects.

Where an ex parte order fixing the amount and conditions of an undertaking to stay execution pending appeal was vacated after notice of appeal had been given, and an undertaking executed and served therewith, the vacation of such order did not affect the Supreme Court's jurisdiction conferred by the serving of the notice and undertaking.

Sureties on an appeal bond are not required to justify, where no exception is taken by the respondent to their sufficiency.

An objection to an appeal bond on the ground that it did not "show the residence of the sureties" was ineffective as an exception to their sufficiency or an assertion that they were not known to respondent to be sufficient.

(Opinion filed, February 11, 1908.)

Action by the Fullerton Lumber Company against E. D. Tinker and others.  Judgment for plaintiff, and defendant H. B. Williams appeals.  On motion to dismiss.  Denied conditionally. Hon E. G. SMITH, Judge.

*G. M. Caster,* for appellant.  *C. H. Dillon,* for respondent.

HANEY, P. J. Respondent moves to dismiss the appeal in this action on the following grounds: "(1) That appellant has not served any $250 bond. (2) That the bond served has been set aside by the order of the court. (3) No new bond has been served, and the order of the court in reference to the appeal bond has not been complied with. (4) The bond has not been corrected; neither has there been any copy of the bond served upon respondent's attorney showing the residence of the sureties. (5) That no new bond can now be served, because more than 10 days have elapsed since the court set aside said order." Defendant and appellant Williams served an undertaking and notice of appeal from the judgment and order denying his application for a new trial on March 13, 1907. Respondent immediately served objections to the undertaking on these grounds: "(1) That said pretended bond provides that appellant will pay the amount directed to be paid by him, when, in fact, he is not the mortgagor or debtor; (2) that said pretended bond provides the appellant will pay any deficiency adjudged against him which may arise on sale, when, in fact, such appellant is not the mortgagor or debtor, and no deficiency could be collected against him; (3) that said pretended bond does not pretend to cover the $250 statutory cost bond for appeal; (4) that said bond does not in any manner protect the plaintiff on appeal to the Supreme Court; and that the copy does not show the residence of the sureties." An ex parte order fixing amount and conditions of an undertaking to stay execution was vacated March 20, 1907, because it was made without notice. Another order fixing amount and conditions of an undertaking to stay execution was entered upon due notice April 5, 1907. Thereafter, an execution having been issued, appellant filed, without serving, a second undertaking, and the sheriff declined to further enforce the execution.

An appeal to this court may be maintained without any stay of execution. Rev. Code Civ. Proc. § 445. When the notice of appeal is duly served, and an undertaking executed, this court has jurisdiction of the appeal, although the appeal may not be perfected by the performance of all the acts specified in the statute." Mather v. Darst, 11 S. D. 480, 78 N. W. 954. "When a party

shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, *including the giving of a proper undertaking for costs and damages,* or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the Supreme Court, or any one of the justices thereof, may permit an amendment, or the proper act to be don*e, including the giving of a new undertaking,* on such terms as may be just." Rev. Code Civ. Proc. § 461. The italicized words were added by the learned Code commissioners in 1903, evidently for the purpose of affording more ample relief in cases of accident or mistake than was afforded by the statute before its amendment. The vacation of the ex parte order fixing the amount and conditions of an undertaking to stay execution did not change the facts that notice of appeal was given, that an undertaking was executed, and that such undertaking was served with the notice of appeal. The existence of these undisputed facts conferred jurisdiction on this court notwithstanding such undertaking may have been defective in form. We think, however, that it was sufficient as a cost bond, because it provided "that said defendant and appellant will pay all the costs and damages which may be awarded to the plaintiff and respondent against him on such appeal, not exceeding the total sum of $1,000." But this is not material. An undertaking having been executed and served with the notice of appeal, this court acquired jurisdiction, whatever may have been the defects of such undertaking. The rule that when sureties fail to justify within ten days after respondent has excepted to their sufficiency, the appeal becomes a nullity (Donovan v. Woodcock, 18 S. D. 29, 99 N. W. 82), has no application, for the reason that respondent in this case did not except to the sufficiency of the sureties. True he objected to the undertaking on the ground that it did not "show the residence of the sureties"; but that was not an exception to their sufficiency, nor an assertion that they were not known to him to be entirely sufficient. The omission of the sureties' residence did not in the slightest degree prevent respondent from excepting to their sufficiency, if he had desired so to do. Clearly then, this court has jurisdiction of this

appeal and authority to permit any proper act to be done to perfect the same, including the giving of a new undertaking.

The second undertaking filed in the circuit court not being before us, in order to fully safeguard respondent's rights, the plaintiff will be given until March 15, 1908, in which to serve and file a new undertaking containing the conditions required by the statutes as to cost bonds and the conditions prescribed by the circuit court as to stay of execution, if he shall desire such stay, the total amount of such undertaking, if a stay be included, to be $1,250, and respondent will have 10 days after service of the same to except to the sufficiency of the sureties, if he elects so to do. Upon compliance with these conditions and the payment of $20 to respondent's attorney on or before March 15, 1908, the motion to dismiss will be denied; otherwise it will be granted.