REICH, Respondent, v. MARTIN, et al, Appellants.

(248 N. W. 495.)

(File No. 7525. Opinion filed May 15, 1933.)

W. P. *Rooney* and *Paul E. Martin,* both of Hot Springs, for Appellants.

*H. F. Fellows,* of Rapid City, for Respondent.

CAMPBELL, J. An order was entered in circuit court on December 27, 1932, sustaining plaintiff's demurrer to defendants' amended cross-complaint, which order was filed on January 3, 1933, and on the same day defendants served and filed notice of appeal to this court therefrom. On January 10, 1933, defendants caused an undertaking for costs on appeal to be duly executed and filed the same with the clerk of the circuit court on that day, but entirely omitted to serve said undertaking on counsel for plaintiff at any time.

Under these circumstances, plaintiff-respondent has moved in this court, pursuant to order to show cause, for dismissal of the appeal. Defendants-appellants ask, in substance that they be now permitted to serve the undertaking which they previously filed; that a time be fixed for exception to the sufficiency of the sureties; and that the motion to dismiss the appeal be denied.

Manifestly, if this court lacks power to permit the serving of the undertaking at this time, then the appeal must be dismissed. Also, if this court has such power but appellants have failed to make a fact showing sufficient to justify the court in its discretion in exercising such power in their behalf, then, too, the appeal must be dismissed.

First, as to the power of the court: Sections 3146 and 3150, R. C. 1919, read respectively as follows:

"An appeal must be taken by serving on the adverse party and filing with the clerk of the court in which the judgment or order appealed from is entered a notice, in writing, signed by the appellant or his attorney, stating the appeal from the same and whether the appeal is from the whole or a part thereof, and if from a

part only, specifying the part appealed from. The appeal shall be deemed to be taken by the service and filing of the notice of appeal and perfected by service of the undertaking for costs, or the deposit of money instead or the waiver thereof, as hereinafter prescribed, and deposit of the fee of the clerk of the supreme court as provided in part 3, title 6. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same."

"To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars."

Section 3167, R. C. 1919, reads as follows: "When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, *including the giving of a proper undertaking for costs and damages,* or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the supreme court or any one of the judges thereof, may permit an amendment or the proper act to be done, *including the giving of a new undertaking,* on such terms as may be just." The words in italics were brought into this statute by the act of the Code Commissioners of 1903.

Few questions of procedure under our law are in a state of worse confusion than those which have arisen as to the power of this court under section 3167, supra, with reference to undertakings on appeal. We have recently had occasion to advert to this matter in Haines v. Waite (1932), 60 S. D. 199, 244 N. W. 113, where the cases will be found collected. As we there said, the position of this court has been by no means consistent and to reconcile our decisions would be impossible. It was attempted in Aldrich v. Public Opinion Publishing Co. (1911) 27 S. D. 589, 132 N. W. 278, to establish the practice with reference to the point. An examination of subsequent decisions gives rise to grave doubt whether the well-intentioned effort of the majority opinion in the Aldrich Case has been in any wise beneficial. It rather looks, on the contrary, as though that effort to reconcile the irreconcilable

has but made confusion worse confounded. We are of the opinion that it is the wiser course for this court now to adopt (and we therefore do adopt) the view advocated by Judges Corson and Haney, dissenting, in the Aldrich Case, which may be succinctly paraphrased as follows: "When notice of appeal is served and filed in good faith this court acquires jurisdiction of the cause, at least to such an extent as to authorize and permit this court (even though the time for taking the appeal has expired) in its discretion and upon sufficient showing to permit the subsequent doing of any other act necessary to perfect the appeal or make it effectual, including the amendment of an undertaking, the serving of an undertaking or the filing of an undertaking, even though no such undertaking has been previously served or filed." Any rule laid down in Aldrich v. Public Opinion Publishing Co. (or in prior or subsequent cases) contrary to the statement above set out is expressly overruled.

Having thus held that we have power to permit the serving of the undertaking at this time, the question arises as to whether that power should be exercised in this case. The only showing of appellants with reference to the failure to serve the undertaking is found in an affidavit of one of appellants' counsel which does not recite any effort or attempt to serve the undertaking, or any belief that it had been or would be served, or any explanation in point of fact for failure to make the service save only the bare statement or conclusion phrased as follows: "That the failure to serve copies of the undertaking upon the respondent in this action was due to the oversight and mistake of the affiant and not for the purpose of causing any delay in the appeal proceedings." We do not think this showing is sufficient to justify us in exercising in behalf of appellants in this case the discretion which we hold is vested in us by section 3167, R. C. 1919, supra.

Leave to serve the undertaking at the present time is therefore denied, and the motion of respondent for dismissal of the appeal is granted.

All the Judges concur.