2002 SD 1

**Alan C. HANSEN, Sr., Plaintiff and Appellant,**

v.

**Steve C. KJELLSEN, In His Individual and Official Capacity, Defendant and Appellee.**

**No. 21898.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 13, 2001.

Decided Jan. 2, 2002.

Rehearing Denied Feb. 8, 2002.

Alan C. Hansen, Sr., South Dakota State Penitentiary, Sioux Falls, South Dakota, Pro Se appellant.

James C. Roby of Green, Schulz, Roby, Oviatt, Cummings & Linngren Watertown, South Dakota, Attorney for defendant and appellee.

GORS, Acting Justice.

[¶ 1.]   Alan Hansen, Sr. (Hansen) filed a complaint alleging that Steve Kjellsen (Kjellsen), a court services officer, intentionally submitted false information in the presentence report that he had prepared on Hansen's case.   The trial court dismissed Hansen's complaint, holding that Kjellsen was entitled to absolute judicial immunity.   We affirm.

### FACTS AND PROCEDURE

[¶ 2.]   Hansen pled guilty to two counts of third degree rape and two counts of distributing marijuana to a minor.   Hansen's seventeen-year-old daughter was the victim.   Kjellsen is a court services officer in Watertown in the Third Circuit.   The trial court ordered Kjellsen to do a presentence investigation and to prepare a presentence report on Hansen.   Kjellsen

interviewed Hansen, his wife and his daughter and prepared a presentence report. The trial court sentenced Hansen to forty-six years in the state penitentiary.

[¶ 3.] Hansen and his attorney reviewed the presentence report at the sentencing hearing and objected to two points. They objected to Kjellsen's suggestion in the report that Hansen had threatened or forced his daughter to have sex with him. Hansen denied using threats or force. Hansen also objected to a statement in the report that he had some two hundred incidents of sexual contact with his daughter. He claimed he only had sexual contact with his daughter thirty or forty times. As a result of Kjellsen's presentence report, Hansen alleged that he was given a longer prison sentence.

[¶ 4.] Hansen served a summons and complaint and moved for equitable relief, including removal of Kjellsen as a court services officer, entry of a restraining order against Kjellsen and convening a grand jury to investigate Hansen's claims. Kjellsen moved to dismiss for failure to state a claim and interposed absolute judicial immunity and sovereign immunity as defenses. The trial court dismissed for failure to state a claim and absolute judicial immunity. The judgment was filed February 8, 2001.

[¶ 5.] Hansen appeals on several issues. The only issue that will be considered by this Court, however, is whether the trial court erred in affording Kjellsen absolute judicial immunity. We affirm.

## STANDARD OF REVIEW

■ [¶ 6.] This Court's standard of review of a trial court's grant or denial of a motion to dismiss is the same standard that is applied upon review of a motion of summary judgment: "is the pleader entitled to judgment as a matter of law?" *Yankton Ethanol, Inc. v. Vironment, Inc.,* 1999 SD 42, ¶ 6, 592 N.W.2d 596, 598 (quoting *Steiner v. County of Marshall,* 1997 SD 109, ¶ 16, 568 N.W.2d 627, 631). We review all facts in a light most favorable to the nonmoving party. *Id.* In reviewing under this standard, we give no deference to the trial court's conclusions of law. *Peterson v. Hohm,* 2000 SD 27, ¶ 8, 607 N.W.2d 8, 11.

## ANALYSIS AND DECISION

■ [¶ 7.] The trial court granted Kjellsen's absolute judicial immunity as a court services officer preparing a presentence report. The presentence report is an integral part of the sentencing process, and in preparing the report the probation officer acts at the direction of the trial court. The presentence investigation contains information about the crime, the defendant's past criminal history, the defendant's family history and any other matter that is relevant to sentencing. The only formal requirements for the presentence report are found in SDCL 23A–27–6, which provides the following:

> The report of a presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court.

Hearsay may be included, and the report normally includes information from a variety of sources, including family members, law enforcement, employers, and others who know the defendant.

[¶ 8.] The Supreme Court of the United States addressed judicial immunity in *Forrester v. White,* 484 U.S. 219, 108 S.Ct.

538, 98 L.Ed.2d 555 (1988). In *Forrester*, the Court adopted a "functional approach" to granting judicial immunity. Under the functional approach, the Court examines the following:

> [T]he nature of the functions with which a particular official or class of officials has been lawfully entrusted, and we seek to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions. Officials who seek exemption from personal liability have the burden of showing that such an exemption is justified by overriding considerations of public policy . . . .

484 U.S. at 224, 108 S.Ct. at 542, 98 L.Ed.2d at 563. The Court acknowledged that there are difficulties attempting to draw the line "between truly judicial acts, for which immunity is appropriate, and acts that simply happened to have been done by judges." 484 U.S. at 227, 108 S.Ct. at 544, 98 L.Ed.2d at 565. Immunity is only justified by the functions it protects, and not by the person to whom it is attached. *Id.*

[¶ 9.] The United States Court of Appeals for the Second Circuit has held that federal probation officers who prepare presentence reports for the courts are entitled to absolute immunity from suit. *Dorman v. Higgins*, 821 F.2d 133, 137 (2dCir.1987). In *Dorman*, the defendant, who had been convicted of mail fraud, brought an action against the federal probation officer who prepared his report. The defendant alleged that false statements were included in the presentence report, and that these statements resulted in a more severe crim-

inal sentence than would otherwise have been imposed. The court noted that absolute judicial immunity is rarely granted and the functions to be accorded such immunity are those "integrally related to the judicial process." * *Id.* at 136. However, the court added federal probation officers to the list of persons granted absolute immunity, finding presentence reports are an important facet and that preparing a report is "an integral part of one of the most critical phases of the judicial process." *Id.* at 137.

[¶ 10.] The court in *Dorman* added, "[w]e see little danger in according federal probation officers absolute immunity for this function, for the presentence report is subject to a number of procedural safeguards designed to protect the defendant's constitutional right not to be sentenced on the basis of information that is materially false." *Id.* at 138. Further, the court stated, "[i]n all the circumstances, we think it clear that the nature of the function performed, the impossibility of guaranteeing the accuracy of the information to be reported, and the routine subjection of the presentence report to adversary review and thence to judicial scrutiny make it appropriate for federal probation officers to be accorded absolute immunity in connection with their preparation and presentation of presentence reports." *Id.*

[¶ 11.] South Dakota has similar safeguards. Before sentencing, the court shall disclose the presentence report to the defendant, defense counsel and the prosecutor. SDCL 23A–27–7. Any information disclosed to one side must be disclosed to

---

* Other officials who have been afforded judicial immunity include: hearing examiners employed by administrative agencies, *see Butz v. Economou,* 438 U.S. 478, 516–17, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895, 922; attorneys in the course of activities "intimately associated with the judicial phase of the judicial pro-

cess," *see Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128, 143 (1976); and witnesses who testify in judicial proceedings, *see Briscoe v. LaHue,* 460 U.S. 325, 333–34, 103 S.Ct. 1108, 1112–13, 75 L.Ed.2d 96, 106–07 (1983).

the other. SDCL 23A–27–9. The court may exclude recommendations and harmful or confidential information, but must disclose a summary of anything considered but not disclosed. SDCL 23A–27–6, 23A–27–8. In either event, the defense has a right to comment on the presentence report and may introduce evidence. The presentence must be returned to court services after sentencing. SDCL 23A–27–10.

[¶ 12.] Several other federal circuit courts have extended judicial immunity to federal and state probation officers for their conduct in preparing presentence reports. *See, e.g., Spaulding v. Nielsen*, 599 F.2d 728 (5thCir.1979); *Young v. Selsky*, 41 F.3d 47 (2dCir.1994); *Freeze v. Griffith*, 849 F.2d 172 (5thCir1988); *Demoran v. Witt*, 781 F.2d 155 (9thCir.1985); *Tripati v. U.S.I.N.S.*, 784 F.2d 345 (10thCir.1986), *cert. denied* 484 U.S. 1028, 108 S.Ct. 755, 98 L.Ed.2d 767 (1988); *Hughes v. Chesser*, 731 F.2d 1489 (11thCir.1984); *Burkes v. Callion*, 433 F.2d 318 (9thCir.1970), *cert. denied* 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685; *Turner v. Barry*, 856 F.2d 1539 (D.C.Cir.1988).

[¶ 13.] South Dakota court services officers perform functions which are very similar, if not identical, to federal probation officers. At the motion hearing, the trial court expressed the following opinion on immunity for court services officers:

the court's view is that the court service worker is an arm of the [c]ourt, that the court service worker is performing an essential function in the judicial process, that if the [c]ourt doesn't have some individual assigned to collect information about a defendant's background for purposes of sentencing the [c]ourt itself would have to do it in one way or another and in assigning a court service worker to do it the [c]ourt is assigning that worker to do a ... judicial function. Given that, it's the [c]ourt's conclusion

... that the defendant here was covered by absolute judicial immunity....

The trial court applied the functional approach correctly.

[¶ 14.] Following the same rationale, several state courts have afforded absolute judicial immunity for state probation officers preparing presentence reports. *See, e.g., H.B. v. State of Indiana–Elkhart Div. of Family & Children*, 713 N.E.2d 300 (Ind.App.1999); *Tango by Tango v. Tulevech*, 61 N.Y.2d 34, 471 N.Y.S.2d 73, 459 N.E.2d 182 (1983); *Acevedo by Acevedo v. Pima County Adult Probation Dep't*, 142 Ariz. 319, 690 P.2d 38 (1984); *Taggart v. State*, 118 Wash.2d 195, 822 P.2d 243 (1992); *Clark v. Eskridge*, 77 Ohio App.3d 524, 602 N.E.2d 1228 (1991); *Kipp v. Saetre*, 454 N.W.2d 639 (Minn.App.1990); *Hulsman v. Hemmeter Dev. Corp.*, 65 Haw. 58, 647 P.2d 713 (1982).

[¶ 15.] We agree with these courts and hold that a court services officer is entitled to absolute judicial immunity when conducting a presentence investigation and preparing and submitting a presentence report in a criminal case. The sentencing court needs complete and accurate information about an offender who is to be sentenced. To get the necessary information, the court must have a relationship of utmost trust and confidentiality with the court services officer. To assure candor in this relationship and to promote the free flow of information, the court services officer preparing a presentence report "must not be subjected to harassing and vexatious litigation brought by convicted offenders who are predictably unhappy about their sentences." *Schiff v. Dorsey*, 877 F.Supp. 73, 77 (D.Conn.1994). Kjellsen is immune from Hansen's lawsuit. The complaint seeking damages was properly dismissed. We do not need to address Hansen's other issues. The judgment is affirmed.

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON, and KONENKAMP, Justices, concur.