2002 SD 22

**BISON TOWNSHIP, Lincoln Township, Lone Tree Township, Scotch Cap Township, Rainbow Township, Wilson Township, Vickers Township, and Strool Township, Petitioners and Appellants,**

v.

**PERKINS COUNTY, South Dakota, Appellees.**

Nos. 22036, 22037, 22038.

Supreme Court of South Dakota.

Argued Jan. 8, 2002.

Decided Feb. 13, 2002.

Rehearing Denied March 22, 2002.

Patricia deHueck, Pierre, Attorney for petitioners and appellants.

Elton R. Anson, Perkins County State's Attorney, Lemmon, Attorney for appellees.

## FACTS

SABERS, Justice.

[¶ 1.] In 1993 Perkins County (County) created different zones of property assessment within the county. This newly created system produced disparate results for the 1998 property assessment year. Twelve Townships (Township) sought review of the 1998 real estate assessments from the Office of Hearing Examiners (OHE) challenging both the accuracy and methods employed in the assessments. OHE reversed the assessments and County appealed to the Eighth Circuit Court which reversed OHE's decision. Township appealed to this Court. On March 15, 2000, this Court reversed the order and remanded the matter to require Perkins County to perform the assessments in an appropriate matter.[1]

[¶ 2.] On March 24, 2000, the circuit court ordered County to reassess the subject property in eight[2] townships. On April 19, 2000, County held an executive session and reviewed approximately 200 property assessments and made determinations regarding whether certain property should be included or excluded for purposes of valuation. Township appealed this decision and a hearing was held before the Fourth Circuit Court[3] on November 8, 2000. On November 29, 2000, the circuit court issued an order declaring the actions of County illegal and rendering all decisions made during the executive session void. The circuit court ordered County to hold a public meeting to discuss the decisions made during its executive session because the public was entitled to review and discuss these decisions.

[¶ 3.] On December 15, 2000, County held a meeting to discuss the property assessments. Rather than reviewing only those property assessments made at the April 19, 2000 executive session, County reassessed the entire county in attempts to comply with the circuit court order dated

---

1. *Bison Township v. Perkins County*, 2000 SD 38, ¶ 32, 607 N.W.2d 589, 596.

2. In the first appeal before this Court, twelve townships were involved: Bison Township, Plateau Township, Lone Tree Township, Scotch Cap Township, Wilson Township, Vickers Township, Strool Township, Maltby Township, Viking Township, and Horsecreek Township. Of the original twelve townships, eight remain: Bison Township, Lincoln Township, Lone Tree Township, Scotch Cap Township, Rainbow Township, Wilson Township, and Strool Township.

3. Effective July 1, 2000, the Unified Judicial System changed the circuit boundaries. The

March 24, 2000. The minutes from this meeting were published on December 21, 2000.

[¶ 4.] On January 10, 2001, Township appealed County's actions of December 15, 2000, with a $250 bond. This is appeal # 22036.[4] Specifically, Township appealed: 1) County's reassessment of the entire county as opposed to the originally assessed property; 2) County's actions regarding the inclusion and exclusion of transfers of real estate in County in 1997 and 1998; and 3) County's failure to include certain 1997 arms length transfers in direct violation of the court's March 24, 2000 judgment. The notice of appeal and bond were received by the county auditor on January 11, 2001.

[¶ 5.] On January 18, 2001, Township filed a motion for contempt of court and petition for writ of mandamus to compel County to show why it should not be held in contempt for failing to comply with this Court's decision in *Bison Township* and the March 24, 2000 judgment. County filed a motion to dismiss on January 30, 2001, alleging that Township's appeal was not properly perfected within the statutory 20–day time limit of SDCL 7–8–29.

[¶ 6.] A hearing was held on April 25, 2001, at which time the circuit court dismissed Township's appeal on the ground that it had failed to timely file its appeal thereby depriving the court of jurisdiction. The circuit court found that Township filed its appeal one-day late and its bond twelve-days late and did not reach the substantive issues on any of the three cases. Township appeals to this Court arguing that it complied with the time requirements of SDCL 7–8–29. We reverse on the procedural issue and remand for a determination of the substantive issues raised by Township.

Eighth Judicial Circuit was renumbered as the Fourth Judicial Circuit.

4. County also appealed the property assessments for the tax years of 1998 and 1999.

## STANDARD OF REVIEW

■ [¶ 7.] "Our standard of review of a trial court's grant or denial of a motion to dismiss is the same as our review of a motion for summary judgment—is the pleader entitled to judgment as a matter of law?" *Weekley v. Weekley,* 1999 SD 162, ¶ 12, 604 N.W.2d 19, 22–23 (citing *Steiner v. County of Marshall,* 1997 SD 109, ¶ 16, 568 N.W.2d 627, 631 (quoting *Stumes v. Bloomberg,* 1996 SD 93, ¶ 6, 551 N.W.2d 590, 592)).

[¶ 8.] **WHETHER THE CIRCUIT COURT ERRED IN DETERMINING THAT TOWNSHIP DID NOT FILE ITS APPEALS WITHIN THE 20–DAY PERIOD OF SDCL 7–8–29 AND IN DISMISSING THE APPEALS.**

[¶ 9.] An aggrieved party may appeal the county commission's decision to the circuit court under SDCL 7–8–27. SDCL 7–8–29 provides the time requirement within which these appeals must be made. SDCL 7–8–29 provides:

> Such appeal shall be taken *within twenty days after the publication of the decision of the board by serving a written notice on one of the members of the board,* when the appeal is taken by any person aggrieved by the decision of the board, and upon the person or persons affected by the decision of the board when the appeal is taken by the state's attorney; and the county auditor shall upon the filing of the required bond and the payment of his fees, which shall be the same as allowed registers of deeds for like services, make out a complete transcript of the proceedings of the board relating to the matter of its deci-

These are appeals # 22038 and # 22037, respectively.

sion and deliver the same to the clerk of courts.

(emphasis added).

[¶ 10.] The circuit court concluded that Township failed to comply with the statute's time requirement because the clerk received the notice of appeal on January 21, 2001, one day after the 20–day period expired. Township argues that the circuit court interpreted SDCL 7–8–29 as requiring that the service of notice of appeal must be *received* by the circuit court clerk within the statute's 20–day time requirement. Township argues that this interpretation is incorrect and asserts that SDCL 15–6–5(b) applies to this appeal. SDCL 15–6–5(b) provides, in pertinent part: "Service by mail shall be by first class mail and is complete upon mailing." Therefore, Township asserts that because it mailed its notice of appeal and bond on January 20, 2001, it complied with the 20 day time requirement of SDCL 7–8–29.

[¶ 11.] County argues that Township's reliance on SDCL 15–6–5(b) is misplaced. Rather, County asserts that SDCL 15–6–4(d)(4)(i) is controlling. This statute provides, in pertinent part: "If the action be against a public corporation within this state, service may be made as follows: (i) Upon a county, by serving upon any county commissioner[.]" County argues that personal service was required and because such personal service was absent, the circuit court was without jurisdiction to hear the matter and, therefore, correct in its dismissal.

[¶ 12.] County's contention, however, is incorrect. SDCL 15–6–4(d)(4)(i) is not controlling under these circumstances. This statute applies to the personal service of summons upon a party and not to the service of a notice of appeal. SDCL chapter 15–6 governs the rules of procedure in circuit courts. Specifically, SDCL 15–6–5 governs the service and filing of pleadings

and other papers. SDCL 15–6–5(a) provides, in pertinent part, that:

> Except as otherwise provided in this chapter, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer or judgment, and similar paper shall be served upon each of the parties.

Service of a notice of appeal falls within this chapter and therefore can be deemed complete upon mailing.

[¶ 13.] County also argues that the mailing of the statutorily required bond does not meet the filing requirements. County asserts that, without a bond in place, the circuit court lacks jurisdiction. This assertion is also incorrect. This Court has stated that: "When the notice of appeal is duly served, and an undertaking executed, this Court has jurisdiction of the appeal, although the appeal may not be perfected by the performance of all the acts specified in the statute." *Fullerton Lumber Co. v. Tinker*, 21 S.D. 647, 648, 115 N.W. 91, 92 (1908) (citation omitted). *See also Gesinger v. Gesinger*, 531 N.W.2d 17, 22 (S.D.1995) (holding that failure to post bond does not divest a court of jurisdiction). The act of failing to file the bond within the statutory period does not deprive the court of jurisdiction.

[¶ 14.] Township also argues that County should not be able to take advantage of a procedural ambiguity to avoid the potential ramifications of failing to comply with two court orders. However, the circuit court erred in finding that Township failed to comply with the statutory time requirement and we reverse and remand

for a determination of the substantive issues raised by Township on the merits. In this respect, we remind the circuit court that these actions do not constitute "adequate remedies at law" for the purpose of denying a writ of mandamus in these cases. *See Hein v. Marts,* 295 N.W.2d 167, 171 (S.D.1980) (holding that a procedural appeal from a commission's final decision does not constitute an adequate remedy at law).

[¶ 15.] GILBERTSON, Chief Justice, and AMUNDSON and KONENKAMP, Justices, and GORS, Acting Justice, concur.