2002 SD 100

Duane VITEK, Michael Neth, Sandy Neth, Steven Neth, and Sharon Neth, Petitioners and Appellants,

v.

BON HOMME COUNTY BOARD OF COMMISSIONERS, Eugene Kokesh, Allen Sternhagen, John Fathke, John Pesek, Russell Jelsma, and Linda Pesek, Bon Homme County Auditor, Respondents and Appellees,

Leo PEDERSEN and Linda Pedersen, Intervenors and Appellees.

No. 22216.

Supreme Court of South Dakota.

Considered on Briefs on May 28, 2002.

Decided Aug. 14, 2002.

James G. Abourezk, Sioux Falls, for petitioners and appellants.

Lisa Z. Rothschadl, Bon Homme County State's Attorney, Tyndall, for respondents and appellees.

James D. Taylor of Taylor & Miskimins, P.C., Mitchell, for intervenors and appellees.

GILBERTSON, Chief Justice.

[¶ 1.] Duane Vitek, Michael Neth, Sandy Neth, Steven Neth and Sharon Neth (collectively Vitek) appealed the decision of the Bon Homme County Board of Commissioners (County) in granting a variance for the construction of a 3300–head hog finishing facility. The circuit court dismissed for failure to timely and properly perfect the appeal. We reverse and remand.

**FACTS AND PROCEDURE** [1]

[¶ 2.] On April 26, 2001, the Bon Homme County Board of Adjustment (Board) granted a variance to Leo and Linda Ped-

---

1. *See Vitek v. Bon Homme County Board of Commissioners (Vitek I ),* 2002 SD 45, 644     N.W.2d 231.

ersen (Pedersen), allowing them to construct a hog confinement facility in Bon Homme County. The state's attorney for Bon Homme County prepared findings of fact and conclusions of law, which Board adopted on May 25. On June 28, County held a hearing regarding Board's decision to grant the variance. County affirmed the decision and adopted Board's findings of fact and conclusions of law, which were later published on July 25. On July 27, Vitek filed a direct appeal to the First Judicial Circuit.

[¶ 3.] On August 13, 723 citizens of Bon Homme County signed petitions with the county auditor seeking a referendum vote. On August 21, County voted unanimously to reject the petitions. In doing so, County stated its action of granting the variance was a quasi-judicial administrative decision, as opposed to a legislative decision, and therefore not subject to the referendum process set forth in SDCL 7-18A-15.1

[¶ 4.] On August 29, Vitek filed an application for writ of mandamus with the circuit court while his direct appeal was still pending. Vitek sought to compel County to submit its decision regarding the variance to a vote. The circuit court denied the writ on September 7, reasoning Vitek had an adequate remedy at law, in the form of his direct appeal, pursuant to SDCL 7-8-27. The circuit court further stated that the appeal constituted Vitek's *exclusive* remedy under SDCL 7-8-32. Vitek appealed the circuit court's denial of the writ to this Court. *See Vitek I*, 2002 SD 45, 644 N.W.2d 231. This Court recognized the grant of a writ of mandamus is contingent upon whether the petitioner has "a clear legal right to performance of the specific duty sought to be compelled...."

*Id.* at ¶ 8. We also noted the incomplete nature of the record regarding a detailed ruling on the legislative versus administrative portion of the analysis. Therefore, we reversed the circuit court's decision and remanded for a determination of whether Vitek had a clear legal right to referendum without reference to the exclusive remedy provision in SDCL 7-8-32.

[¶ 5.] In the interim, Vitek proceeded with his direct appeal before the circuit court. Publication of County's decision on July 25 triggered the beginning of the 20-day statutory period to appeal under SDCL 7-8-29. Vitek mailed notice of his appeal on July 26 to the Bon Homme County Clerk of Courts.[2] He also served copies of the notice by mail on the Chairman of the Bon Homme County Board of Commissioners and the Bon Homme County State's Attorney. Pursuant to an agreement of the parties, the circuit court granted a stay of the direct appeal on August 22, 2001. On October 22, Vitek filed a $250 cash bond in the form of a check, which was cashed on October 24. The circuit court lifted the stay of the direct appeal on October 26.

[¶ 6.] Pedersen moved for judgment on the pleadings on November 21. He alleged that Vitek had failed to personally serve at least one member of the Bon Homme County Board of Commissioners and failed to timely file the bond required in SDCL 7-8-27. County joined in the motion. The circuit court granted Pedersen's motion for judgment by order dated December 17, 2001. Vitek now appeals the circuit court's decision, raising the following issues:

1. Whether service by mail of a notice of appeal on the Chairman of the

2. We find it interesting to note that the certificate of service names Pedersen as Intervener, even though he did not move to intervene

until October 23 and the motion was not granted until November 14.

Bon Homme County Board of Commissioners and on the Bon Homme County State's Attorney is sufficient to perfect Vitek's appeal.

2. Whether Vitek's posting of the $250 cash bond, after the 20-day time limit has expired, deprives the circuit court of jurisdiction.

## STANDARD OF REVIEW

[¶ 7.] Vitek appeals the circuit court's judgment on the pleadings in favor of County.

A motion to dismiss under SDCL 15-6-12(b) tests the legal sufficiency of the pleading, not the facts which support it. For purposes of the pleading, the court must treat as true all facts properly pled in the complaint and resolve all doubts in favor of the pleader. "Our standard of review of a trial court's grant or denial of a motion to dismiss is the same as our review of a motion for summary judgment—is the pleader entitled to judgment as a matter of law?"

*Steiner v. County of Marshall*, 1997 SD 109, ¶ 16, 568 N.W.2d 627, 631 (quoting *Estate of Billings v. Deadwood Congregation*, 506 N.W.2d 138, 140 (S.D.1993)) (internal citations omitted). Thus, all reasonable inferences of fact must be drawn in favor of the non-moving party and we give no deference to the trial court's conclusions of law. *Hansen v. Kjellsen*, 2002 SD 1, ¶ 6, 638 N.W.2d 548, 549 (citations omitted).

[¶ 8.] This case also involves the statutory interpretation of SDCL 7-8-27 and 7-8-29, which is reviewed *de novo*. Our rules of statutory construction are as follows:

The purpose of statutory construction is to discover the true intention of the law, which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is deter-mined from what the Legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and [this] Court's only function is to declare the meaning of the statute as clearly ex-pressed.

*Associated Sch. Bds. of S.D., Inc. v. Hughes County*, 2002 SD 41, ¶ 9, 643 N.W.2d 417, 420 (quoting *Martinmaas v. Engelmann*, 2000 SD 85, ¶ 49, 612 N.W.2d 600, 611).

## ANALYSIS AND DECISION

[¶ 9.] **1. Whether service by mail of a notice of appeal on the Chairman of the Bon Homme County Board of Commissioners and on the Bon Homme County State's Attorney is sufficient to perfect Vitek's appeal.**

[¶ 10.] When County granted Pedersen a variance to build the hog fin-ishing facility, Vitek appealed County's de-cision to the circuit court. An aggrieved party may appeal a county commission's decision pursuant to SDCL 7-8-27, which reads:

From all decisions of the board of coun-ty commissioners upon matters properly before it, there may be an appeal to the circuit court by any person aggrieved upon filing a bond in the amount of two hundred fifty dollars with one or more sureties to be approved by the county auditor conditioned that the appellant shall prosecute the appeal without delay and pay all costs that he may be ad-judged to pay in the circuit court. Such bond shall be executed to the county and

may be sued in the name of the county upon breach of any condition therein. Additionally, SDCL 7–8–29 states, "Such appeal shall be taken within twenty days after the publication of the decision of the board by serving a written notice on one of the members of the board...." While these statutes direct when and to whom service is made, they do not direct the *method* of service.

[¶ 11.] We must note at the outset that this type of appeal falls somewhere between an administrative appeal and an appeal to this Court. An appeal from a county commission decision is not covered by chapter 1–26, which refers to administrative appeals, because the term "agency" does not include "any unit of local government." *See* SDCL 1–26–1. Neither, however, is it completely covered by chapter 15–6, which refers to civil appeals generally. "When the question is which of two enactments the [L]egislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute." *Moss v. Guttormson*, 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17 (citations omitted). But where such an enactment leaves a particular question unanswered, we look to other applicable statutes for guidance. Therefore, chapter 7–8 controls the procedure for appealing a county commission decision as far as it goes, but in determining the proper method of service, it is necessary to look elsewhere.

[¶ 12.] We recently addressed this problem in the case of *Bison Township v. Perkins County*, 2002 SD 22, 640 N.W.2d 503. There, the circuit court dismissed the township's appeal because service was mailed to the appropriate parties on day 20, but was not received until day 21. *Id.* at ¶ 10. The county contended that the service was defective, not only because it

was untimely, but also because the service was not personal. *Id.* at ¶ 11. The county directed this Court to SDCL 15–6–4(d)(4)(i) for support of its assertion. This Court noted, however, that SDCL 15–6–4 did not apply to service of a notice of appeal, as that section was only applicable to service of summons. *Id.* at ¶ 12. We went on to unanimously hold that "[s]ervice of a notice of appeal falls within [SDCL 15–6–5(a)] and therefore can be deemed complete upon mailing." *Id.*

[¶ 13.] Notwithstanding this Court's *Bison Township* decision, County asserts that this Court's decision in *Maasjo v. McLaughlin School District No. 15–2*, 489 N.W.2d 618 (S.D.1992), is controlling. We disagree. We are aware that this Court applied SDCL 15–6–4(d)(4) in that case to require personal service upon a school board member in an appeal from a school board's decision. *Id.* at 624. There, this Court was faced with the same statutory deficiency in SDCL 13–46–3 as we find in SDCL 7–8–29. Neither statute directs the method of service of a notice of appeal. In *Maasjo*, both parties directed this Court to SDCL 15–6–4, a provision referring to service of summons. *Id.* The board advocated use of SDCL 15–6–4(d), requiring personal service, while the other party preferred SDCL 15–6–4(e), providing for substituted service. Neither party considered SDCL 15–6–5, which covers all filings after the initial pleadings. Even though SDCL 15–6–4(d)(4)(v) applied only to service of summons, this Court decided application of that statute, rather than SDCL 15–6–5, was more appropriate because of its specific reference to school boards. *Id.*

[¶ 14.] However, there is no such reason in this case to depart from the statutory authority set out in SDCL 15–6–5 or this Court's decision in *Bison Township*. Thus, we decline to follow the *Maasjo* decision. Moreover, due process does

not automatically require that jurisdiction be obtained by personal service when the statute is silent as to the particular method. *See Mullane v. Cent. Hanover Bank,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). Lest there be any confusion, we now reiterate our holding that an appeal to a circuit court from the decision of a county commission is begun by service of a notice of appeal and that service is complete upon mailing.

### [¶ 15.] 2. Whether Vitek's posting of the $250 cash bond after the 20–day time limit has expired, deprives the circuit court of jurisdiction.

[¶ 16.] County argues that the posting of a bond under SDCL 7–8–27 is the triggering event for the circuit court's jurisdiction over the appeal. This section provides for appeals "to the circuit court by any person aggrieved upon filing a bond in the amount of two hundred fifty dollars with one or more sureties to be approved by the county auditor...." County maintains the phrase "upon filing a bond" is determinative. Additionally, County contends SDCL 7–8–29 requires the cost bond to be filed within 20 days. If the bond is not timely filed,[3] County maintains that an appeal to the circuit court is not perfected and the circuit court does not have jurisdiction over the appeal. We disagree.

[¶ 17.] There are two clauses contained within SDCL 7–8–29: the time requirement for serving notice of appeal and the direction to the county auditor to prepare and deliver a transcript. SDCL 7–8–29 provides:

> Such appeal shall be taken within twenty days after the publication of the decision of the board by serving a written notice on one of the members of the board ...; *and* the county auditor shall upon the filing of the required bond and the payment of his fees, which shall be the same as allowed registers of deeds for like services, make out a complete transcript of the proceedings of the board relating to the matter of its decision and deliver the same to the clerk of courts.

(emphasis added). County claims that the statute is written in the conjunctive. As such, the 20–day time limit applies to the filing of the cost bond as well as the filing of a notice of appeal. The fallacy of this argument is evident in both the construction of the statute and its purpose.

---

**3.** County also argues that our decision in *Bison Township* was incorrect as it "consistently refers to filings with the circuit court clerk [instead of with the auditor] as if such an appeal was a continuation of a prior judicial proceeding." This assertion is wrong in two respects. First, cost bonds are *filed* with the clerk and *approved* by the auditor. *See* SDCL 15–26A–23. Second, an appeal to the circuit court from the decision of a county commission *is* the continuation of a prior proceeding, *not* a new proceeding. This Court has stated:

> In this jurisdiction the appeal is a continuation of the original action and not a separate proceeding. SDCL 1960 Supp. 33.0104 provides that: "An action is deemed to be pending from the time of its commencement until its final determination

upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied."

*Wentzel v. Huebner*, 78 S.D. 471, 475, 104 N.W.2d 476, 478 (1960). *See also State Highway Comm'n On Behalf of State v. Wieczorek*, 248 N.W.2d 369, 375 (S.D.1976) (quoting same language). That statute has since been replaced by SDCL 15–1–3, which reads, "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied." County cites no authority supporting its illogical assertion that an appeal from a previous decision is somehow a new proceeding.

[¶ 18.] First, we note that the "and" separating the two clauses, contrary to County's assertion, does not import the 20–day time requirement of the first clause into the second clause. The two clauses are clearly separated by a semicolon, indicating that the two clauses should be read in the *disjunctive*. Accordingly, the construction of the statute indicates the Legislature's intent to apply the 20–day limit only to the service of a notice of appeal.

[¶ 19.] Second, the purpose behind this statute was to expedite the appeals process by: (a) requiring the initiation of the appeal within 20 days of the county commission's decision through service of a notice of appeal; and (b) requiring the appellee to post a bond to pay for the required transcript. County's strained construction would force the 20–day requirement to also apply to the auditor's duty to prepare and submit a transcript. *See Martinmaas*, 2000 SD 85 at ¶ 49, 612 N.W.2d at 611 (stating statutes should be construed as a whole and according to their intent, but "it is presumed that the [L]egislature did not intend an absurd or unreasonable result."). If an appellant filed its bond at the eleventh hour on day 20, County's construction of this statute would yield the absurd result of requiring the auditor to immediately produce and submit a transcript or the court would be forced to dismiss the appeal. This was not the intention of the Legislature in enacting SDCL 7–8–29.

[¶ 20.] County further claims that this Court's holding in *Bison Township* is contrary to our holding in *Claggett v. South Dakota Department of Revenue*, 464 N.W.2d 212 (S.D.1990). In *Claggett*, the appellant was contesting the Department of Revenue's assessment of a tax deficiency. SDCL 1–26–31 requires that an appeal from the Department's decision must be commenced within 30 days of its final decision. SDCL 10–59–9 provides, in pertinent part, "[n]o appeal from a final decision of the secretary upon an assessment may be taken unless any amount ordered paid by the secretary is paid or a bond filed to insure payment of such amount." In *Claggett*, this Court held that because the appellant had failed to pay the tax assessment within the 30 day time limit, the circuit court had no subject matter jurisdiction over the appeal. *Id.* at 214.

[¶ 21.] *Claggett*, however, differs markedly from both *Bison Township* and the case at bar for one very important reason: *Claggett* dealt with SDCL 10–59–9, which specifically prohibits the initiation of an appeal without payment of the tax assessment or the positing of a bond. Clearly, no such statute was at issue in *Bison Township*. Nor is one at issue here. Thus, *Claggett* is not determinative of the outcome in this case.

[¶ 22.] Furthermore, the failure to provide a timely bond in its proper form, contrary to County's assertion, does not mandate dismissal of an appeal.[4] As

---

4. County cites *Aldrich v. Public Opinion Publishing Co.*, 27 S.D. 589, 132 N.W. 278 (1911), in support if its assertion that, because this is a cost bond and not a supersedeas bond, strict compliance with the statute is required or jurisdiction fails. *Aldrich,* however, was overruled by this Court's decision in *Reich v. Martin*, 61 S.D. 311, 248 N.W. 495, 496 (1933). In *Reich*, this Court stated:

Few questions of procedure under our law are in a state of worse confusion than those which have arisen as to the power of this court under section 3167, supra, with reference to undertakings on appeal. We have recently had occasion to advert to this matter in *Haines v. Waite*, [60 S.D. 199,] 244 N.W. 113 (S.D.1932) where the cases will be found collected. As we there said, the position of this court has been by no means consistent and to reconcile our decisions would be impossible. It was attempted in *Aldrich v. Public Opinion Publishing Co.*,

noted above, the circuit court acquires jurisdiction upon service of a notice of appeal. This Court has routinely upheld the policy that an appellant is allowed to cure a deficiency in the bond so long as the bond is properly undertaken prior to hearing the appeal. *See, e.g., Bison Township,* 2002 SD 22, 640 N.W.2d 503 (holding failure to file bond does not deprive court of jurisdiction); *Landstrom v. Shaver,* 1996 SD 49, 550 N.W.2d 699 (holding judgment debtors should be allowed to provide adequate security when executed bonds are invalid); *Reich,* 61 S.D. 311, 248 N.W. 495 (holding this Court acquires jurisdiction when notice of appeal is filed and served, thus deficient bond may be amended without detriment to jurisdiction); *Fullerton Lumber Co. v. Tinker,* 21 S.D. 647, 115 N.W. 91 (1908) (holding filing of notice of appeal confers jurisdiction even if appeal is not perfected by execution of bond); *Morrison v. O'Brien,* 17 S.D. 372, 97 N.W. 2 (1903) (holding failure to file bond by reason of mistake or accident is a curable defect). Neither are we persuaded by County's argument that a cash bond, as opposed to a bond "filed with one or more sureties" as described in SDCL 7-8-27, is somehow inferior.

[¶ 23.] We now hold that the circuit court erred in dismissing Vitek's appeal.

(1911) 27 S.D. 589, 132 N.W. 278, to establish the practice with reference to the point. An examination of subsequent decisions gives rise to grave doubt whether the well-intentioned effort of the majority opinion in the Aldrich Case has been in any wise beneficial. It rather looks, on the contrary, as though that effort to reconcile the irreconcilable has but made confusion worse confounded. We are of the opinion that it is the wiser course for this court now to adopt (and we therefore do adopt) the view advocated by Judges Corson and Haney, dissenting, in the Aldrich Case, which may be succinctly paraphrased as follows: *"When notice of appeal is served and filed in good faith this court acquires jurisdiction of the*

We reverse and remand for a determination of the substantive issues raised by Vitek on the merits.

[¶ 24.] SABERS, AMUNDSON, KONENKAMP, and ZINTER, Justices, concur.

*cause, at least to such an extent as to authorize and permit this court (even though the time for taking the appeal has expired) in its discretion and upon sufficient showing to permit the subsequent doing of any other act necessary to perfect the appeal or make it effectual, including the amendment of an undertaking, the serving of an undertaking, or the filing of an undertaking, even though no such undertaking has been previously served or filed."* Any rule laid down in *Aldrich v. Public Opinion Publishing Co.* (or in prior or subsequent cases) contrary to the statement above set out is expressly overruled.
*Id.* at 495–96 (emphasis added).